Robert Wayne COUGHRAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–882.

Court of Criminal Appeals of Oklahoma.

May 31, 1977.

John T. Elliott, Public Defender, Oklahoma County, Robert A. Ravitz, Asst. Public Defender, Oklahoma County, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

Appellant, Robert Wayne Coughran, hereinafter referred to as defendant, was charged, tried by jury in a bifurcated proceeding, and convicted in the District Court, Oklahoma County, Case No. CRF–75–4697, of the offense of Concealing Stolen Property, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1713. He was sentenced to serve five (5) years in the custody of the Department of Corrections, State of Oklahoma. From said judgment and sentence the defendant has perfected a timely appeal to this Court.

The State called four witnesses in its case in chief. The complaining witness, Freida Jackson, testified that on the 11th day of December, 1975, she left her home at approximately 8:00 a. m. to go to work. She stated that she always locked all the doors before leaving. At approximately 1:00 p. m., she returned home and discovered that the lock on the front door had been damaged, and the house had been broken into. She testified that several items were missing, including her camera, her husband's cuff links and tie bar, some bicentennial coins, and about twelve Christmas packages, which she was able to identify at trial.

The State's next witness was Officer David Enger of the Oklahoma City Police Department. He stated that on the 11th day of December, 1975, at about noon, he was approached by a passing motorist who stated that he had seen some suspicious individuals on South Pennsylvania Avenue, who were walking up and down the street and carrying a large number of packages. The officer went to that location and ob-

served two young white males walking down the street loaded with packages. The officer further observed an automobile pull up to the curb and the two males get into the car. The officer followed the car, and upon observing its license tag to be unreadable pulled the vehicle over. The officer informed the driver of the automobile, later identified as the defendant, that he was going to be cited for improper tag display. The officer observed a large number of tagged Christmas packages, some statuettes, candy, jewelry, and a camera on the back seat of the car. He further stated that he observed no indication that the individuals were hitchhiking, because it appeared to him that they had just stepped into to the car and "dumped their loads out in the car."

The third witness for the State was Morris Ned, another officer of the Oklahoma City Police Department. He conducted a followup investigation of the incident, and confirmed that the door of Mrs. Jackson's house had been forced open and the house ransacked.

The state's final witness was Detective Steven Upchurch who stated that he had interviewed the defendant after informing him of his Miranda rights, and that the defendant had signed a waiver statement. The witness testified that the defendant told him he was on his way to Moore, Oklahoma, to look for a job when he observed the two boys hitchhiking, and stopped to give them a ride. When the boys got into his car, the defendant sold a cigarette to one of them in exchange for a 50 cent piece. Detective Upchurch stated he requested the defendant to take a polygraph test and even though the defendant agreed to do so, the test was not given. When the defendant was again questioned by Detective Upchurch, the defendant related that he had known the boys for awhile, and had agreed to take them to 59th Street and Pennsylvania on December 11, 1975, and to pick them up a short time later in exchange for $20.00. The State rested and the defendant offered no evidence.

The defendant raises as his first assignment of error that a jurisdictional defect occurred after the preliminary hearing, but prior to trial. Defendant alleges that an order assigning an appeal taken by the state after the magistrate, sitting at the preliminary hearing sustained defendant's demurrer to the evidence, was signed by District Judge Smith, who was without authority to take such action.

■ Since the defendant failed to designate the assignment order or the preliminary hearing in the record and did not properly bring this issue before the court, we cannot conclusively determine in what capacity Judge Smith signed the order, if he did indeed sign the order. Moreover, the record before this Court reveals no challenge by the defendant to the judge's authority to sign the appeal order and assign defendant's case for trial. It is well settled that matters occurring prior to the trial and not shown in the record before this Court will not be considered on appeal. See *Carney v. State*, Okl.Cr., 406 P.2d 1003 (1965), and *Stickney v. State*, Okl.Cr., 541 P.2d 1359 (1975). Therefore, the first assignment of error is without merit.

The defendant contends in his second assignment of error that the trial court erred in refusing to grant defendant's demurrer to the evidence because the facts did not establish the crime of knowingly concealing stolen property. The defendant argues further that if he is guilty of anything it could only be burglary.

■ In *Walls v. State*, Okl.Cr., 491 P.2d 320, 322 (1971), this Court set out the essential elements needed to prove the crime of knowingly concealing stolen property, that "Defendant had knowledge that the property was stolen property; and, that he was in some manner concealing it from its rightful owner."

In the case at bar, the uncontroverted evidence presented by the State is sufficient to establish the two essential elements of the crime, and to show concealment on the part of the defendant. The defendant's statements to Detective Upchurch, considered together with the testimony of Offi-

cer Enger, indicated that defendant knew the intention of the two juveniles and expressly agreed to assist them in the concealment of the acquired property.

The fact that the defendant may be guilty of burglary does not excuse him of the present charge. In *Walls v. State,* supra at 322, this Court found that even if the defendant stole the property he could also be guilty of its concealment. Clearly, the defendant in the instant case could have succeeded in permanently concealing the stolen property from its rightful owner had he not been apprehended by the timely efforts of Officer Enger. Therefore, we find that the evidence was sufficient, and this assignment of error is without merit.

The defendant urges as his final assignment of error that it was fundamental error for the trial court to admit testimony regarding the willingness of the defendant to take a polygraph test, and that said test was not administered.

In *Fulton v. State,* Okl.Cr., 541 P.2d 871 (1975), this Court re-examined its position on the use of the results of a polygraph examination and held:

> ". . . in light of the potential unreliability of polygraph examinations at this time, we feel that in all future cases the introduction into evidence of polygraph examination *results* for any purpose, even if admitted upon stipulation of all parties, will be error. . . ." (Emphasis added, citations omitted)

In the instant case the results of the test were never admitted, nor were there any results, since the test was not administered. Moreover, the defendant failed to allege any prejudice caused him by the mere mention of the polygraph test. The impression left in the jury's mind that the defendant was willing to take the lie detector test would clearly have worked to his benefit, since it could have been interpreted as an expression of the defendant's confidence in his innocence. Though we do *not* condone the admission of such testimony, finding no prejudice to this defendant this proposition is without merit.

For all the above and foregoing reasons the judgment and sentence appealed from is, and the same is hereby, *AFFIRMED.*

BUSSEY, P. J., concurs.

BRETT, J., concurs in results.