Donna Marie WILLIAMS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–247.

Court of Criminal Appeals of Oklahoma.

Oct. 14, 1977.

John T. Elliott, Public Defender, Michael Jackson, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Givens L. Adams, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Donna Marie Williams, hereinafter referred to as defendant, was charged in the District Court, Oklahoma County, Case No. CRF–76–2459, with the offense of Burglary in the Second Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1435. She was tried by a jury, convicted and sentenced to imprisonment in the State penitentiary for a term of thirty-four (34) years, twenty-two (22) years of which were suspended by the trial court. From this judgment and sentence the defendant has perfected a timely appeal to this Court.

Briefly stated, the facts adduced at trial are as follows. On the night of June 24, 1976, Howard Williams and Jerry L. Nolan conceived the idea to commit a burglary. They discussed this idea with the defendant and obtained her consent to furnish her automobile and assist in the crime by driving said automobile. In the early morning hours of June 25, the defendant, in the company of these two individuals, went to Pat and Dub's Cafe, located on Broadway in Oklahoma City, Oklahoma, where Williams and Nolan broke in and took various items of foodstuffs.

The three then proceeded to sell much of the fruits of the crime to various individuals along the vicinity of Broadway. During this activity, they obtained several bottles of liquor for their own consumption. At approximately 3:05 a.m. on the morning of June 25, 1977, the defendant was stopped and arrested for making an illegal turn and driving under the influence of alcohol. At this time the officer noticed various "groceries" in the rear seat of the vehicle and became suspicious, but not having been alerted concerning the theft of such items he released the car in the custody of one of

the defendant's companions. Subsequently, notice was given to the police of the burglary of Pat and Dub's Cafe, and the defendant's companions were also arrested. During post-arrest questioning, the defendant admitted to driving the vehicle at the time the crime was committed but asserted that she had no knowledge of a crime being perpetrated.

The defendant's accomplices took the stand and inculpated her. The defendant took the stand as well and admitted, as she had in her statement to the police, that she had driven the vehicle but asserted that she was intoxicated and had no knowledge of the crime being committed. She further denied that she had in any way participated in the planning of the burglary.

■ The defendant's first assignment of error is that her motion to suppress statements made pursuant to her interrogation at the Oklahoma County jail was erroneously overruled. The defendant contends that at the time she was interrogated she was incapable of understanding her rights due to intoxication. It appears that the defendant was initially arrested at approximately 3:05 a.m. for making an illegal turn and driving under the influence of alcohol. A subsequent chemical test revealed that she had approximately .11% alcohol in her bloodstream.

Almost six and a half hours later at approximately 9:30 a.m., she was awakened and taken downstairs for interrogation. Officer Dewey Morris testified that when she was first awakened she was "groggy from sleep," but after walking from the cell she was awake and, in his opinion, capable of understanding the proceedings. He further stated that he read her the requisite *Miranda* warnings and ascertained that she understood the same.

Further, in an in camera hearing Officer Spickney, who had also questioned defendant at approximately the same time that morning, stated that the defendant was coherent and was not intoxicated at that time. He also stated that he read the defendant her *Miranda* rights. However, there is no indication as to whether the officer asked her if she understood those rights.

We note that only the statements made to Officer Morris were introduced at trial. Therefore, we find that the defendant's statement acted as a knowing and voluntary waiver of her Fifth Amendment rights.

Finally, it is immaterial that no written waiver was obtained. This Court stated in *Shirey v. State*, Okl.Cr., 520 P.2d 701 (1974), that waiver of *Miranda* rights can be manifested by other than express statement to that effect. Therefore, we find that the defendant's first assignment of error is without merit.

■ The defendant next assigns as error the trial court's failure to sustain the defendant's demurrer and motion for directed verdict. The defendant contends that her conviction was based upon the testimony of her two co-defendants without the requisite corroborative evidence. See, 22 O.S.1971, § 742. With this contention we cannot agree. A review of the record indicates that there was sufficient corroborative evidence.

First, there is evidence that the fruits of the crime in question were found in the car defendant was driving when first arrested. In *Harrell v. State*, Okl.Cr., 381 P.2d 164, 166, II, page 165, for the proposition that:

> " 'In prosecutions for larceny, robbery, and burglary, an accomplice may be corroborated by proof of the possession of the stolen property by the defendant charged with the crime.' "

Also see, *Harrell v. State*, Okl.Cr., 379 P.2d 706 (1963).

Furthermore, in her post-arrest statement to Officer Morris as well as at trial, the defendant admitted driving the car to the scene of the crime and merely denied knowledge that the crime was being perpetrated. Finding that sufficient evidence was introduced at trial to corroborate the testimony of her co-defendants, the defendant's second assignment of error is without merit.

The defendant's third and final assignment of error is that the trial court should have instructed the jury as a matter of law that James Williams and Jerry Nolan were accomplices. In *McKinney v. State*, 20 Okl.Cr. 134, 201 P. 673 (1921), we held that where the evidence was not conflicting as to whether or not a witness was an accomplice, it constitutes a question of law which is to be determined by the court, and so instructed. Also see, *Fritts v. State*, Okl.Cr., 487 P.2d 1188 (1971). While the trial court in the instant case left the question of whether these witnesses were in fact accomplices to the jury, it appears that the defendant failed to submit alternative instructions for approval by the court or even to object to the instructions as submitted by the trial court. See, *Kern v. State*, Okl.Cr., 522 P.2d 644 (1974), and *Gresham v. State*, Okl.Cr., 456 P.2d 119 (1969). Therefore, we find that this error was not properly preserved for review by this Court, and in view of the facts and circumstances involved in this case, we do not find that the defendant was deprived of a fair and impartial trial.

However, after considering this appeal in its entirety and considering that the motion for new trial asserts that the sentence imposed by the jury is excessive, we observe the trial judge's comments at the time judgment and sentence was imposed when he assessed the jury sentence of 34 years' imprisonment. After having heard all the testimony and observing the demeanor of all the witnesses, the Honorable Trial Judge said, in part, the following:

"[A]ll of the sentence except the first twelve years will be suspended, and in making this judgment and imposing this sentence the Court is motivated by the feeling that a sentence of imprisonment of twelve years would have been proper in this case, . . ."

Now therefore, under the authority of 22 O.S.1971, § 1066, it is the opinion of this Court that the proper administration of justice dictates that the sentence imposed herein, sentencing the defendant to thirty-four (34) years' imprisonment with twenty-two (22) years suspended, shall be modified to twelve (12) years' imprisonment, and as *MODIFIED* the judgment and sentence is *AFFIRMED*. The Oklahoma County District Court is directed to cause the judgment and sentence in this case to be corrected to reflect the modification of sentence herein ordered.

BUSSEY, P. J., and CORNISH, J., concur.