**Harold Iva HAYTER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–391.**

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1979.

Rehearing Denied Sept. 21, 1979.

Charles E. Daniel, Drumright, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Jim Wilcoxen, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Harold Iva Hayter, hereinafter referred to as defendant, was charged, tried and convicted in the District Court Payne County, Case No. CRF–77–123, for the offense of Knowingly Concealing Stolen Property, in violation of 21 O.S. 1971, § 1713. His punishment was fixed at not less than thirty (30) nor more than ninety (90) days in the county jail and a fine of Five Hundred Dollars ($500.00).

From said judgment and sentence an appeal has been perfected to this Court.

■ Defendant asserts in the first assignment of error that the evidence was insufficient to support the verdict on the ground that the only evidence presented was circumstantial. We are of the opinion that this assignment of error is without merit. The evidence was uncontradicted that the horses were, in fact, stolen. The owner and the police officers went to defendant's house after receiving an anonymous telephone call. They set up a surveillance after no one answered the door. Early the following morning they heard noises of horses being loaded. A pickup pulling a horse trailer left the residence without lights. It proceeded down the road some distance before the lights were turned on. After being stopped the defendant explained that he had been boarding the horses for a man until he discovered they were stolen. He had not previously known the man nor did he know where he lived. Defendant admitted receiving information that the horses were stolen on Sunday afternoon but did not notify the authorities and made no move to return them until Tuesday morning. It is thus readily apparent that there was sufficient evidence to support the jury's finding that the defendant had knowledge that the horses were stolen and that he did conceal them from the rightful owner. See *Coughran v. State*, Okl.Cr., 565 P.2d 688 (1977) and *Hughes v. State*, Okl.Cr., 536 P.2d 990 (1975).

■ Defendant contends in the second assignment of error that the conduct of the prosecuting attorney was so improper as to deny him the right to a fair trial. Although the defendant urges that the prosecuting attorney made several improper statements, he cites only one specific instance. And in that instance the prosecutor was merely exploring a matter raised by the defendant.

During direct examination the defendant made the following statement:

"Q. Have you ever been convicted of any crime connected with stealing of animals or horses or—

"A. No, sir; no, sir; no, sir. I never was that poor." [Tr. 127].

Then on cross-examination the following exchange occurred.

"Q. You never were that poor but—?

"A. Never was that poor; yeah.

"Q. Weren't that poor so you never did?

"A. Yeah." [Tr. 128].

The prosecuting attorney's questions were thus proper in that he was simply following up on a line of questioning that defendant initiated by his voluntary response on direct examination. See *Ray v. State*, Okl.Cr., 510 P.2d 1395 (1973) and *Fite v. State*, Okl.Cr., 526 P.2d 956 (1974).

Defendant urges in his final assignment of error that he was denied a fair trial because of the cumulative effect of the irregularities. Inasmuch as we have previously found defendant's assignments of error to be without merit, it necessary follows that we likewise find this assignment of error to be without merit.

The judgment and sentence is AFFIRMED.

CORNISH, P. J., and BRETT, J., concur.

Rehearing Denied Sept. 18, 1979.