**Dale Lewis ROY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–251.**

Court of Criminal Appeals of Oklahoma.

Oct. 24, 1979.

Larry A. Gullekson, Frasier & Frasier, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Carol Elaine Alexander, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

The appellant, Dale Lewis Roy, was charged with Burglary in the First Degree in violation of 21 O.S.1971, § 1431, in Tulsa County District Court Case No. CRF–76–1958. A jury convicted him and set punishment at seven (7) years' imprisonment.

At about 2:00 a. m., the complaining witness was inside his apartment arguing through a window with the appellant, who was on the lawn outside the apartment. The appellant struck at the complaining witness with his fist and, intentionally or not, knocked off the screen. The appellant then entered the apartment through the screenless window and beat up the complaining witness.

Unquestionably, there was sufficient evidence to have gone to the jury on an assault charge had the appellant been charged with assault. However, there was not sufficient evidence to go to the jury on a first degree burglary charge. Title 21 O.S.1971, § 1431, provides:

"Every person who breaks into and enters in the night time the dwelling house of another, in which there is at the time some human being, with intent to commit some crime therein, . . . :

   \*    \*    \*    \*    \*    \*

"3. . . . is guilty of burglary in the first degree." (Emphasis added)

The breaking and entering in this case were not the sort contemplated by the Legislature in this statute, but were concomitant with the physical attack on the complaining witness. The jury should have been directed to return a verdict of not guilty.

Therefore, we need not reach any other of the appellant's propositions of error, and the case is *REVERSED* and *REMANDED* to the trial court with instructions to *DISMISS.*

CORNISH, P. J., and BUSSEY, J., concur.