**Jerry Dale BUSSETT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–277.**

Court of Criminal Appeals of Oklahoma.

June 10, 1982.

Howard R. Mefford and G. Lee Jackson, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Michael Scott Fern, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

The appellant, Jerry Dale Bussett, was convicted of Knowingly Concealing Stolen

Property, in violation of 21 O.S.1971, § 1713, in the District Court of Lincoln County, Case No. CRF–80–23, was sentenced to two (2) years' imprisonment, and he appeals.

As his sole assignment of error, the appellant alleges that he was placed in double jeopardy since the charge of knowingly concealing stolen property is a lesser included offense of larceny of a domestic animal, 21 O.S.1971, § 1716, of which he was convicted in Payne County.

In *Johnson v. State*, 611 P.2d 1137 (Okl. Cr.1980), this Court stated:

> Traditionally, the test employed to determine whether a person has been placed in jeopardy twice for a single offense has been to ask whether each of the offenses charged requires proof of an additional fact that is not necessary to the other. Thus, a single act may be an offense against two statutes. If each statute requires proof of an additional fact which the other does not, neither multiple prosecutions nor multiple punishments are barred by the prohibition against double jeopardy, even though each offense may arise from the same act or criminal episode. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Collins v. State*, 70 Okl.Cr. 340, 106 P.2d 273 (1940).

 The elements of concealing stolen property are: (1) knowledge that the property was stolen; and, (2) the act of concealing it in some manner from its rightful owner. *Brewer v. State*, 554 P.2d 18 (Okl. Cr.1976); *Walls v. State*, 491 P.2d 320 (Okl. Cr.1971). See, *Carter v. State*, 595 P.2d 1352 (Okl.Cr.1979). And, in *Bellows v. State*, 545 P.2d 1303 (Okl.Cr.1976), this Court held that in order to support a conviction for larceny of domestic animals it is necessary to prove: (1) the ownership of the stolen animals; and, (2) the felonious intent on the part of the taker thereof to convert the same to his own use. A review of these essential elements clearly indicates that each offense requires proof of different elements.

The case currently before us is analogous to the case of *Coughran v. State*, 565 P.2d 688 (Okl.Cr.1977), in which we held that a person guilty of burglary is not excused from being charged with concealment of the property stolen during the burglary. Further, in *Walls v. State*, 491 P.2d 320 (Okl.Cr.1971), this Court held that testimony that the defendant stole the property did not preclude his being charged with knowingly concealing that stolen property. Accordingly, this assignment of error is without merit.

The judgment and sentence appealed from is AFFIRMED.

BRETT, P. J., concurs.

CORNISH, J., specially concurs.

CORNISH, Judge, specially concurring:

While I agree that knowingly concealing stolen property is not a lesser included offense of larceny of domestic animals, I do not believe that the two crimes are so dissimilar for purposes of double jeopardy that a mere delineation of their elements satisfies the *Blockburger* test.

Initially, it must be conceded that larceny of domestic animals is readily set apart from concealing stolen property. The cardinal issue, however, is whether the crime of concealing stolen property necessarily requires proof of elements not found in larceny of domestic animals. As these offenses are defined by majority, I do not believe this requirement has been satisfied.

Under the majority's definition the act of "concealing property" seems to distinguish concealing stolen property from larceny. Since larceny of any property may be committed through either stealth or *fraud* (21 O.S.1971, § 1701), a larceny may occur in the presence of the rightful owner and with his knowledge of the taking but not of the thief's wrongful intent. Certainly, the element of concealment, if actually required by the concealing stolen property statute, distinguishes that offense from larceny. Unfortunately, the language of the concealing statute and its prior application does not support such a requirement for proof of

that crime. Title 21 O.S.1971, § 1713(1) proscribes receiving or concealing stolen property in the following terms:

(1) Every person who buys or receives in any manner, upon any consideration, any personal property of any value whatsoever that has been stolen, embezzled, obtained by false pretense or robbery, knowing or having reasonable cause to believe the same to have been stolen, embezzled, obtained by false pretense, or robbery, or who conceals, *withholds*, or aids in concealing or withholding such property from the owner. (Emphasis added).

Under this statute the crime of concealing stolen property may be committed by actually concealing the property, or by merely withholding the property from its rightful owner.

Our case law supports this conclusion. In *Smith v. State*, 573 P.2d 713 (Okl.Cr.1978) this Court held that Section 1713 was violated despite the fact that the stolen property was kept in a public place since:

There was sufficient testimony presented at the trial to justify the jury in finding that the defendant was withholding the watch from its owner, even though it was not being kept in a secret place. 573 P.2d at 716.

From these authorities it appears that the act of concealment is not a necessary element of concealing stolen property. Accordingly, I cannot agree with the majority that the two offenses are necessarily distinguishable for double jeopardy purposes on the basis of this particular requirement.

Closer inspection of the two statutes here involved, however, leads me to believe that no violation of double jeopardy has occurred in this case.

Larceny is committed by the physical acts of caption (taking) and asportation (carrying away). 3 Wharton's Criminal Law, §§ 369 and 378 (14th ed. 1980). The crime is complete with the advent of any carrying away, however slight. *Hutchinson v. State*, 427 P.2d 112 (Okl.Cr.1967). Thus, to establish the commission of a larceny, it need not be shown that the thief withheld, concealed,

or did anything else with the stolen property after a "carrying away" movement had occurred.

Concealing stolen property, on the other hand, does require a continuing act of concealing or withholding property in contravention of another's ownership. It is not committed by the mere acquisition of stolen property but depends upon acts *after* such acquisition in contravention of another's ownership. It is these continuing acts of withholding or concealing stolen property which set the offense of concealing stolen property apart from that of larceny under the *Blockburger* test.

The determination that the crimes are distinct for double jeopardy purposes does not end the inquiry, for it must be determined whether the legislature intended the concealing stolen property statute to apply where the accused actually stole the property. *Roy v. State*, 602 P.2d 226 (Okl.Cr. 1979).

Since larceny is complete upon any carrying away of the property however slight (*Hutchinson v. State*, supra) a thief might be held to be concealing stolen property by any carrying away in excess of the slight movement which is needed to constitute larceny—indeed, even before the property has left the premises of its rightful owner. Certainly, this would not comport with legislative intent. The crime of concealing stolen property appears to have been enacted to supplement the larceny statute and to allow prosecutions where the State could not prove the initial wrongful taking, but could prove the defendant's knowledge that the property was stolen and its subsequent wrongful withholding.

Though proof of larceny requires, in addition to its other elements, only a slight carrying away of the goods, the crime of larceny may be said to continue for as long as the asportation occurs. Cf., *Good v. State*, 21 Okl.Cr. 328, 207 P. 565 (1922). Thus, while the continuing asportation of the goods is not a necessary element of the crime of larceny, it is an act attributable to that offense. Therefore, in my view, it is

only upon the completion of the asportation of the stolen goods that the crime of concealing stolen property can be committed.

In this case, the appellant committed acts which support the concealing stolen property conviction. The cattle were taken from their owner's field, loaded into the appellant's vehicle, and then transported to his own pasture where they were released. These acts are attributable to the larceny since they constitute the asportation of the goods. Subsequently, the appellant marked the cattle with his own brand and removed their ear tags. These acts were subsequent to the larceny and constitute the offense of concealing stolen property.

Accordingly, since the crime of concealing stolen property requires proof of an element not required under larceny of domestic animals statute, and since additional criminal acts were committed after the completion of the larceny which constitute the crime of concealing stolen property, I concur in the majority's conclusion that the judgment and sentence should be affirmed.