Claude Gilbert JEFFRIES, Appellee,

v.

The STATE of Oklahoma, Appellee.

No. F–83–295.

Court of Criminal Appeals of Oklahoma.

Feb. 9, 1984.

Rehearing Denied April 17, 1984.

Mark Barrett, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen. of Okl., Alan B. Foster, Asst. Atty. Gen., Deputy Chief, Crim. Div., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge.

Claude Gilbert Jeffries was convicted of Unauthorized Use of a Motor Vehicle and Grand Larceny. He received sentences of eighteen (18) months and two (2) years, respectively, to be served concurrently. We affirm.

### I.

Appellant first contends that the evidence did not support the introduction at trial of his confession to the crimes charged. He complains that the corroborative evidence failed to connect him to the crimes.

■ This contention is without merit. Appellant erroneously assumes that the corroborative evidence of the corpus delicti must establish the identity of the perpetrator. The corpus delicti means the actual commission of a particular crime by someone, and may be established without showing that the crime charged was committed by the accused. *Parks v. State*, 651 P.2d 686 (Okl.Cr.1982).

■ The evidence was clearly sufficient to support the introduction of the confession. Sometime between 8:00 p.m. and 7:30 or 8:00 a.m. the night of April 23/24, 1982, a pickup truck was removed from the driveway of a residence without permission. When discovered in a creek with the engine running, property valued in the hundreds of dollars was missing. Although proof of identity was not essential to the corpus delicti, many of the missing items were recovered from appellant's residence on May 5, 1982.

The first proposition is without merit.

### II.

Appellant next contends that his confession and the evidence seized from his residence were the fruits of the denial of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Testimony of the interrogating officer at the *Jackson v. Denno* hearing [378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964)], reflects that appellant was in jail on an unrelated criminal charge on May 5, 1982. He was interviewed shortly after lunch by the former Perry, Oklahoma, police chief and a Noble County Assistant District Attorney concerning a report that he might be in possession of stolen property.

Appellant was advised of his *Miranda* rights. After deletion of certain language, to-wit, "[h]aving these rights in mind, I waive them and willingly make a statement", appellant executed an advice of rights form acknowledging his awareness of his rights. Appellant thereafter denied possession of any stolen property, and indicated that he had no objection to a search of his residence. He signed a consent to search form, which included a written statement of the *Miranda* warnings.

A subsequent visit to the residence resulted in the discovery of a wheel and tire missing from the pickup. This led directly to incriminating statements and a confession by appellant, and his production of additional stolen items.

■ Appellant contends that his failure to sign the rights waiver form until after alteration constituted an invocation of his

rights, negating any idea of waiver. However, testimony at the voluntariness hearing elicited by defense counsel suggests otherwise:

Q. Okay; Mike [Wolfe, former Perry, Oklahoma, police chief] is it—what exactly is your memory [sic] can recall the day [sic] was the conversation concerning this part of the sentence that was marked out of the way?

A. He just—Mr. Jeffries just advised that he understood that he had a right to an attorney, and he didn't have any objection at all to talking. He just didn't understand the part on the waiver part of whether—you known, what he was waiving. I don't really think he understood whether he was waiving the fact that I don't never get an attorney, or that I can have one if I want it, and I think that was confusing to him. So Mr. Foster [a Noble County Assistant District Attorney] says that that's—you know, if it will make you feel more comfortable, I'll remove this part of it, and Mr. Jeffries said, "Yes, I understand now". And I think he did feel more comfortable.

\* \* \* \* \* \*

Q. Okay; his only reluctance that necessitated Mr. Foster's marking out of that phrase was the fact that he thought he was waiving his right to have an attorney forever in that case?

A. Well, I just took it that he didn't know whether he waived his right to have an attorney or his right not to have an attorney, or whether he had to have an attorney; you know, I don't think he quite understood that part. I think he understood everything else. He didn't mind talking. I just think the part about saying "I waive"; you know, at that point I am not sure at that point he knew what we were going to talk about, you know, so he didn't want to say nothing, because I hadn't questioned him about anything yet.

\* \* \* \* \* \*

A. Mr. Foster, from the best of my recollection and knowledge advised him that he had the right to an attorney; if he didn't wish an attorney at that time, he could get one later. Any time that he wanted to stop, he could ask for one. And you know, whether that was marked out or left intact, that wouldn't change anything. He still had the right to an attorney any time he wanted it, and Mr. Jeffries indicated, yes, sir, you know, that he felt more comfortable with it. It wasn't really no [sic] big deal at the time.

Q. After Mr. Foster's explanation of his right to an attorney, the defendant signed that as it was modified by Mr. Foster?

A. As he marked the line out and we went back over it; yes, sir.

Q. And then he was questioned concerning some stolen property?

A. Yes, sir.

The record suggests that, instead of signalling appellant's invocation of his rights, the alteration merely allayed his fear that he would be unable to invoke his right to counsel at some future time.

 The determination as to whether the accused knowingly and voluntarily decided to forego his rights to remain silent and have the assistance of counsel must be made upon the totality of the circumstances. See *Fare v. Michael C.*, 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979). Although a refusal to sign a written waiver of rights may afford some indication that no waiver was intended, *United States v. Boston*, 508 F.2d 1171 (2d Cir.1974); *United States v. Crisp*, 435 F.2d 354 (7th Cir. 1970), it is not determinative, and an express statement of waiver, oral or written, is not essential. See *North Carolina v. Butler*, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979). See also *United States v. Fera*, 616 F.2d 590 (1st Cir.1980); *United States v. Hines*, 605 F.2d 132 (4th Cir. 1979); and *Williams v. State*, 572 P.2d 238 (Okl.Cr.1977) (it is immaterial that no written waiver was obtained, since waiver of *Miranda* rights may be manifested by other than an express statement to that effect).

■ This Court will not disturb a ruling permitting the introduction of a confession when supported by sufficient evidence that the defendant knowingly and intelligently waived his rights, and understood the consequences of the waiver. *Cleveland v. State*, 566 P.2d 144 (Okl.Cr.1977). In addition to the testimony above, the police chief stated without contradiction that appellant appeared to be free of any sort of problem impairing his ability to intelligently waive his rights, and that no threats or promises were made. We find no basis for disturbing the ruling of the trial court.

### III.

■ Appellant further contends that the judge erred in failing sua sponte to instruct the jury on withholding stolen property, an alleged lesser included offense of grand larceny. This contention is without merit. Such an instruction was waived by the failure to request it. Cf. *Tedder v. State*, 540 P.2d 582 (Okl.Cr.1975) (instruction on concealing stolen property in grand larceny case waived by failure to request). Moreover, we are not persuaded that withholding is a lesser offense included within larceny. See *Bussett v. State*, 646 P.2d 1293 (Okl.Cr.1982) (Cornish, J., Specially Concurring).

### IV.

■ Next, appellant asserts that the judge erred in failing to expressly instruct the jury that they could not consider the confession absent a finding that appellant waived his *Miranda* rights. However, Instruction No. 5, O.R. 20[1], substantially complied with the pertinent uniform jury instruction, OUJI–CR 810, and generally covered this matter. Accordingly, in the absence of a defense request that the judge more definitely or sufficiently state the proposition, this Court may not reverse.

*See, Holloway v. State*, 550 P.2d 1352 (Okl. Cr.1976).

### V.

Finally, appellant complains of alleged improper remarks by the prosecutor at voir dire and closing argument. The remarks fall into five categories: (1) those raising societal alarm at voir dire; (2) an inquiry stressing the expertise of police witnesses at voir dire; (3) reference in closing argument to the fact that the prosecutor was present when appellant gave his confession; (4) a remark at voir dire that the presumption of innocence was a protection for the innocent rather than a shield for the guilty; (5) the prosecutor's personal opinion in closing argument as to the guilt of the appellant; and (6) attempted definitions of "beyond a reasonable doubt".

■ The judge sustained a defense objection to remark number (1), but refused a request for a mistrial. No abuse of discretion is shown concerning the denial of mistrial. See *McCormick v. State*, 464 P.2d 942 (Okl.Cr.1969). The judge overruled an objection to remark number (2). The questions asked on voir dire are largely in the discretion of the trial court, and where no abuse of discretion is shown, the case will not be reversed. *Myers v. State*, 83 Okl.Cr. 177, 174 P.2d 395 (1946). The judge ordered the prosecutor to discontinue the particular line of inquiry, and no abuse of discretion appears.

■ The judge sustained a defense objection to remark number (3), and admonished the jury to disregard. The remark was not of such nature as to have determined the verdict, and any error was thus cured. *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr.1973).

1. The instruction provided in relevant part:

An admission is freely and voluntarily made when, after being informed by the police officers that he has a right to consult with a lawyer and to have the lawyer with him during the questioning; that he has a right to remain silent; and that any statement made by him can be used in evidence against him, an accused, with full understanding of his rights and the nature and consequences of his statements, freely and voluntarily makes a statement which may tend to show his involvement with the alleged crime or to reveal details of it.

851

The defense wholly failed to object to the remarks in categories (4), (5) and (6). A defendant waives his right to object to alleged misconduct at voir dire by failing to timely object to the remarks. See *Brown v. State*, 404 P.2d 78 (Okl.Cr.1965). Similarly, where defense counsel fails to object to remarks by the prosecutor during closing argument the error, if any, is waived. *Blades v. State*, 619 P.2d 875 (Okl.Cr.1979), cert. den., 449 U.S. 845, 101 S.Ct. 129, 66 L.Ed.2d 54.

Moreover, the reference to the presumption of innocence at voir dire was a gratuitous aside in the course of an overall correct discussion of the presumption, and the jury was correctly instructed on the issue; the purported personal opinions as to the guilt of the appellant were, in context, clearly arguments based on the prosecutor's analysis of the evidence, see 5 O.S. 1981, Ch. 1, App. 3, D.R. 7–106(C)(4); and the prosecutor's "definitions" of "beyond a reasonable doubt" were not so grossly incorrect as to prejudice appellant and require reversal. *Williams v. State*, 572 P.2d 257 (Okl.Cr.1977). And see *Blanco v. State*, 509 P.2d 491 (Okl.Cr.1973).

This proposition of error is without merit.

The judgment and sentence is AFFIRMED.

BUSSEY, P.J., concurs.

BRETT, J., concurs in results.