2001 OK CR 32

**Shawn Keith NOWLIN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2000–1379.**

Court of Criminal Appeals of Oklahoma.

Oct. 29, 2001.

W. Mark Hixson, Attorney at Law, Yukon, OK, Attorney for Defendant.

Gary D. McCurdy, Assistant District Attorney, El Reno, OK, Attorney for State.

Lisbeth L. McCarty, Appellate Defense Counsel, Norman, OK, Attorney for Appellant.

W.A. Drew Edmondson, Attorney General, Kellye Bates, Assistant Attorney General, Oklahoma City, OK, Attorneys for Appellee.

## OPINION

LILE, Judge:

¶1 Appellant, Shawn Keith Nowlin, was convicted at a bench trial of Grand Larceny in violation of 21 O.S.1991, §§ 1701 and 1704 after one former felony conviction in case number CF-99-581 in the District Court of Canadian County. The Honorable Edward C. Cunningham, District Judge, sentenced Appellant to imprisonment for ten (10) years. Appellant has perfected his appeal.

¶2 On July 24, 1999, Appellant stole tools from Steve Vassar in Canadian County. That same day, the tools were transported to Oklahoma City and pawned at E-Z Pawn. Appellant was convicted in Oklahoma County District Court case number CF-99-6168 of Concealing Stolen Property in violation of 21 O.S.Supp.1999, § 1713.

¶3 In his sole proposition of error, Appellant claims that his convictions for two separate offenses, which both arose from a single transaction, violated the prohibitions against double punishment and Double Jeopardy.

¶4 Appellant claims that having been convicted of concealing and withholding stolen property in Oklahoma County, he cannot later be convicted of theft of the same property in Canadian County.

¶5 Appellant's claim of a violation of Double Jeopardy rights is resolved by the rule set forth in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The ruling in *Blockburger* has been adopted by this Court as the test to be used in reviewing state Double Jeopardy claims. We apply the test to all Double Jeopardy claims, whether arising from multiple punishments in one trial or in multiple trials. *Mooney v. State,* 1999 OK CR 34, ¶ 17, 990 P.2d 875 (883, 884).

¶6 The *Blockburger* Court cited as controlling the case of *Ebeling v. Morgan,* 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151 (1915). In *Ebeling,* the defendant had been convicted of several counts of willfully cutting successive mail bags with the intent to steal. Defendant had cut into several bags, one after the other. The Court determined that Congress had intended to protect each and every mail bag and each was a separate offense. The Court said: "The offense as to each separate bag was complete when that bag was cut, irrespective of any attack upon, or mutilation of, any other bag."

¶7 In *Bussett v. State,* 1982 OK CR 79, 646 P.2d 1293, this Court held that conviction for larceny of a domestic animal did not prevent, on Double Jeopardy grounds, subsequent conviction for knowingly concealing stolen property (the animals stolen).[1] Judge Cornish, in a Specially Concurring opinion stated: "Concealing stolen property, on the other hand, does require a continuing act of concealing or withholding property in contravention of another's ownership. It is not committed by the mere acquisition of stolen property, but depends upon acts after such acquisition in contravention of another's ownership. It is these continuing acts of withholding or concealing stolen property which set the offense of concealing stolen property apart from that of larceny under the *Blockburger* test."

¶8 In *Bussett,* after the cattle were stolen, the defendant marked the cattle with his own brand and removed their ear tags. In the case at hand, after Appellant stole the tools, he then sold them at a distant pawn shop. After the theft was completed, Appellant committed additional acts which constituted an additional crime of concealing stolen property.

---

1. This conclusion is further supported by our decisions in *Coughran v. State,* 1977 OK CR 198, 565 P.2d 688, and *Walls v. State,* 1971 OK CR 331, 491 P.2d 320, where it is held that a person guilty of burglary is not excused from being charged with concealment of the property stolen during the burglary.

¶ 9 Neither state nor federal constitutional prohibitions against Double Jeopardy preclude these two convictions.

¶ 10 Title 21 O.S.1991, § 11 is not violated by these convictions. The act of stealing the property and the act of pawning the property are clearly separate and distinct acts. *Hale v. State,* 1995 OK CR 7, 888 P.2d 1027; *Davis v. State,* 1999 OK CR 48, 993 P.2d 124.

### DECISION

¶ 11 The Judgment and Sentence of the District Court is **AFFIRMED.**

LUMPKIN, P.J., JOHNSON, V.P.J., and STRUBHAR, J., concur.

CHAPEL, J., concurs in results.

CHAPEL, J., concurring in results:

¶ 1 On a single day, Nowlin stole power tools in Canadian County. He took the tools into Oklahoma County and pawned them. Nowlin was convicted in Oklahoma County of concealing stolen property because he pawned the tools. After that conviction, he was prosecuted for grand larceny in Canadian County. I reluctantly agree with the majority that, technically, the second prosecution does not violate double jeopardy or the statutory prohibition against double punishment. I reach this conclusion for two reasons. First, grand larceny, the later-charged crime, contains elements which differ from those required to prove a person concealed stolen property. Second, I believe Nowlin did not engage in a single course of conduct when he stole the tools then pawned them in a different city.

¶ 2 However, I would reach a different conclusion if Nowlin had first been convicted of grand larceny. Since the elements of concealing stolen property are included in the proof necessary for grand larceny, I believe any subsequent prosecution for concealing stolen property would violate double

jeopardy.[1] There is no question that both Nowlin's prosecutions originated with the same act of theft. I am concerned that we are encouraging prosecutors to split charges and file subsequent prosecutions. This practice, which requires separate trials, strains the entire criminal justice system.

---

1. The majority cites three cases suggesting this Court has ruled otherwise. On closer inspection, this is not the case. *Bussett v. State,* 1982 OK CR 79, 646 P.2d 1293, held that the elements of concealing stolen property differed from the elements of larceny of a domestic animal. This is true but hardly determinative here. *Coughran v. State,* 1977 OK CR 198, 565 P.2d 688, and *Walls v. State,* 1971 OK CR 331, 491 P.2d 320, merely noted in dicta that a person could be charged with concealing stolen property even though he might be guilty of burglary. There was no double jeopardy issue presented.