Ronald Gene SMITH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-77-259.

Court of Criminal Appeals of Oklahoma.

Nov. 8, 1977.

Rehearing Denied Jan. 25, 1978.

Wheeler, Parsons, Wheeler & Davis, William A. Johnson, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Harold T. Garvin, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Ronald Gene Smith, hereinafter referred to as defendant, was charged in the District Court, Oklahoma County, Case No. CRF–76–483, with the offense of Concealing Stolen Property, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1713. He was tried by a jury and found guilty, and punishment was set at a term of ten (10) years' imprisonment. From said judgment and sentence the defendant has perfected his appeal to this Court.

Briefly stated the facts are as follows. Sergeant Horace Jones, a detective for the City of Nichols Hills, went to defendant's Oklahoma City place of business, "Smitty's Car Clean," to meet an individual named Quinton Lee Armstrong. Officer Charles McNeil, a police officer for the City of Nichols Hills arrived at the premises shortly thereafter. Detective Sergeant Jones noticed a man's wrist watch sitting on a ledge in one of the car bays, which he believed to be stolen property from a Nichols Hills' burglary. The defendant consented to the officers looking around his place of business, and even insisted that they search the premises. The premises were searched without a warrant and several items believed to be stolen from the Nichols Hills area were found. The defendant was confronted with the watch, and placed under arrest.

Both Nichols Hills' officers testified that there was an Oklahoma City Police Officer present. However, their testimony conflicts as to when the Oklahoma City Officer arrived. Officer Jones testified that the Oklahoma City Officer arrived at the defendant's premises with him. Officer

McNeil, on the other hand, testified that the watch was found and the arrest made prior to the time the Oklahoma City Police Officer arrived.

The State called three witnesses in addition to Officers Jones and McNeil. Mr. Henry W. Horn testified his residence was burglarized on January 15, 1976, and identified State's Exhibit No. 1 as being his wrist watch. Mrs. Leota L. Horn, wife of Henry W. Horn, identified State's Exhibit No. 2 as being her bracelet. Dr. L. C. McHenry testified his Nichols Hills' residence was burglarized on about December 13, 1975, and identified State's Exhibit No. 3 as a silver sauce ladle which was taken in the burglary. The two Nichols Hills' police officers then established that State's Exhibit Nos. 1, 2, and 3 were found at the defendant's premises.

At the conclusion of the State's evidence the defendant urged a motion to suppress, a motion to quash the information, a motion to quash the arrest and a motion to dismiss, all of which were overruled. Defendant then demurred to the evidence, which demurrer was overruled.

■ As his first and second assignments of error the defendant contends that the examining magistrate and the trial court committed reversible error in overruling defendant's motion to suppress. Defendant predicates error on the fact that the arrest, search and seizure were made in Oklahoma City by Nichols Hills' police officers who were not in hot pursuit and had not been summoned to assist the Oklahoma City authorities. The defendant cites *Graham v. State*, Okl.Cr., 560 P.2d 200 (1977), which holds generally that a police officer's authority does not extend beyond his jurisdiction. While we are of the opinion that the officers had the right to arrest the defendant as private citizens, assuming arguendo that the arrest was illegal as made by an officer outside his jurisdiction, the evidence may still be admissible. The mere fact that the arrest is illegal will not render evidence obtained at the time of arrest inadmissible providing such evidence is otherwise admissible. *Smith v. State*, Okl.Cr., 311 P.2d 275 (1957).

■ It is elementary that evidence discovered by a police officer or private citizen in a place where he has a right to be is admissible to support a criminal charge where such evidence is involved. The watch was observed in plain view in a place of business which was open to the public and was, therefore, properly admitted. After the watch was seized and the defendant placed in custody, the defendant insisted that the officers search the premises. In the absence of any evidence to controvert the fact that defendant voluntarily and intelligently consented to the search, the evidence obtained during the search was properly admitted. See *Dangerfield v. State*, Okl.Cr., 548 P.2d 662 (1976); see also *Fred v. State*, Okl.Cr., 531 P.2d 1038 (1975).

For the above reasons we find the defendant's first and second assignments of error to be without merit.

■ The defendant urges two additional assignments of error which do not possess sufficient merit to warrant discussion in this opinion. Suffice it to say that the evidence amply supported the verdict of the jury, and that the record is free from any error that would justify modification or reversal.

For all the foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be, and is hereby *AFFIRMED*.

CORNISH and BRETT, JJ., concur.

## OPINION ON REHEARING

BUSSEY, Presiding Judge:

On Rehearing the defendant argues that the search of his premises and his arrest—both done without a warrant—were unlawful as based on a subterfuge. He maintains that the officers anticipated that they would find stolen property at the defendant's place of business, and that they did not actually go there for the purpose of meeting the defendant's brother-in-law.

With regard to a plain-view discovery, the question of subterfuge goes to the issue of whether or not the officer had a right to be where he or she was when the discovery was made. In the instant case all events transpired at the defendant's place of business—a place open to the public. Clearly the officers had a right to be where they were when the watch was discovered.

The defendant also contends that there was a fatal variance between the evidence presented at the trial and allegations made in the information, and that hence his "demurrer to the evidence" and "motion to dismiss"—both more properly termed a motion for directed verdict—should have been sustained. The test of a fatal variance in an information is whether or not the person accused was misled by the information or could be exposed to the danger of being placed in jeopardy a second time for the same offense. In the instant case we do not believe that either of these alternatives existed. The evidence was all of a similar character and was all seized in the same search. Compare *Cooks v. State,* Okl.Cr., 560 P.2d 1019 (1977). In addition such evidence is admissible to show absence of mistake or accident. See *Roulston v. State,* Okl.Cr., 307 P.2d 861 (1957).

Finally the defendant argues that since the wrist watch was found in a public place it could not be proof of the concealment of stolen property. Title 21 O.S.1971, § 1713 provides that every person is guilty of a felony ". . . who conceals, *withholds,* or aids in concealing or withholding such property *from the owner,* . . ." (Emphasis added). There was sufficient testimony presented at the trial to justify the jury in finding that the defendant was withholding the watch from its owner, even though it was not being kept in a secret place.

The judgment and sentence appealed from is AFFIRMED, and the Clerk of this Court is directed to issue the Mandate Forthwith.

CORNISH and BRETT, JJ., concur.