**Mary Ann MAYTUBBY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–82–709.**

Court of Criminal Appeals of Oklahoma.

June 24, 1983.

E. Alvin Schay, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Mary Ann Maytubby, appellant, was convicted on two (2) counts of Obtaining Public Welfare by Means of False Statements in violation of 56 O.S.1981, § 185, and on two (2) counts of Obtaining Food Stamps by Means of a False Statement, in violation of 56 O.S.1981, § 243, in Carter County District Court, Case No. CRM–81–434. The trial court, sitting without a jury, fixed punishment at three (3) months confinement in the county jail, suspended, a fine of seventy-five dollars ($75.00) per count, and restitution in the amount of $1,603.00. From said judgment and sentence, she now appeals, raising three (3) assignments of error.

Evidence at trial established that the appellant, was a recipient of both Aid for Dependent Children (AFDC) and food stamps on a continual basis since 1975. Witness Theresa Day, a social worker employed by the Department of Human Services (DHS) in Carter County, testified that she was the appellant's case worker. She further testified that it was her responsibility to redetermine appellant's eligibility on a six month basis, and to decide whether benefits should be continued, reduced, or terminated. In May and November of 1979, witness Day reviewed appellant's eligibility. On both occasions, during the

course of a face to face interview, appellant signed forms stating that she was not presently employed, and further promising to report any changes in income.

In May of 1980, while shopping, Ms. Day discovered that the appellant was employed by Wal-Mart as a cashier. A subsequent investigation revealed that appellant's employment commenced in March of 1980; it was later discovered that appellant was employed part-time by a local McDonald's from July 25, 1979, to November 24, 1979. DHS personnel later calculated appellant was overpaid in the amount of $1,603.00 in benefits while she was so employed.

█ In her first assignment of error, appellant argues that her United States Constitutional Sixth Amendment right to confront witnesses against her was abridged when evidence was admitted through two incompetent witnesses. Specifically, appellant argues first that the testimony of Felinda Jones, supervisor of the DHS overpayment unit, who checked and then signed the necessary documentation, but who did not initially calculate the amount of overpayment, was inadmissible as hearsay under 12 O.S.1981, § 2602, which is as follows:

§ 2602. Lack of Personal Knowledge

A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the testimony of the witness himself. This rule is subject to the provisions of Section 703 of this Code.

We cannot say, under the facts and circumstances of the case, that a department supervisor lacks personal knowledge with respect to the accuracy of the overpayment computation simply because she allowed a subordinate to figure the initial computation. Furthermore, a review of the record reveals that Ms. Jones' testimony on direct examination sufficiently established her personal knowledge of the matter. Therefore, we find appellant's argument to be without merit.

█ Appellant also claims that the testimony of James Thompson, a comptroller with DHS's finance division, was inadmissible as hearsay, as he testified to microfilmed reproductions of assistance warrants issued to the appellant, but over which he had no custody. 12 O.S.1981, § 2801(3) defines hearsay as follows:

'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

We first note that as DHS is required to maintain said reproductions, that they would fall under the business records exception to the hearsay rule set forth in 12 O.S.1981, § 2803(6). This statute allows testimony concerning such records by either "the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." We find that the reproductions of the assistance warrants are eminently trustworthy. Moreover, as the State established that Mr. Thompson, acting in his official capacity, could testify as to what the warrants meant and represented, we hold that he was a qualified witness within the statutes meaning. See also, *Lewis v. State,* 574 P.2d 1063 (Okl.Cr.1978).

█ Relying upon *State v. Layman,* 357 P.2d 1022 (Okl.Cr.1960), appellant contends in her next assignment of error the venue properly belonged to Oklahoma County rather than Carter County. We disagree. In *Layman,* supra, while the state highway contracts were initially prepared and approved in Tulsa County, the fraudulent statement which induced the Highway Department to execute the contracts were made in Oklahoma County. This Court therefore held that venue was in Oklahoma County. In the case at bar, the fraudulent statements were made and attested to in Carter County. The central DHS office located in Oklahoma County merely issued the assistance warrants. The rule relied upon by the appellant therefore does not apply. Additionally, if an offense is com-

mitted partly in one county, and partly in another, prosecution may be had in either. 22 O.S.1981, § 124. See also, *Troup v. State,* 51 Okl.Cr. 438, 2 P.2d 591 (1931). Consequently, the trial court did not err in holding venue was in Carter County.

In her final assignment of error, appellant claims that the amount set for restitution is incorrect. The judgment and sentence form clearly sets the amount of restitution at $1,603.00, the amount alleged to be fraudulently obtained in the informations. During actual sentencing, however, the trial judge expressly reduced restitution on Count II and on Count IV. This is also reflected in his handwritten minutes covering the proceedings. We therefore hold that restitution will be set at $1,501.00, payable under the terms set forth at sentencing.

For the above and foregoing reasons, the judgment and sentence appealed from is AFFIRMED as MODIFIED.

CORNISH and BRETT, JJ., concur.