**Neil Gregg GROSS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–83–719.**

Court of Criminal Appeals of Oklahoma.

Sept. 12, 1985.

Patti Palmer, Deputy Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Neil Gregg Gross, was convicted of Possession of a Stolen Motor Vehicle, After Former conviction of Two or More Felonies in the District Court of Comanche County, Oklahoma, Case No. CRF–83–104. He was sentenced to a term of twenty (20) years imprisonment, and appeals. We affirm.

Because appellant alleges no irregularities stemming from the first stage of trial, a detailed statement of facts by this Court is unnecessary. It is sufficient to note that appellant was discovered in possession of a stolen automobile in Lawton, Oklahoma, on February 9, 1983.

### I.

Appellant's first assignment of error challenges the sufficiency of evidence used by the prosecution to prove appellant had suffered two or more felony convic-

tions. *See* 21 O.S. 1981, § 51 B. In this regard, the record shows that the State produced certified copies of abstracts of judgments from the California courts. These documents revealed appellant had received three prior convictions in that State. Also introduced was a document from the California Department of Corrections containing a copy of the appellant's fingerprints and his California "mug shot."

It is asserted by the appellant that the State did not meet its burden of establishing the prior convictions. He claims the evidence showed only a similarity of names, and therefore did not provide proof beyond a reasonable doubt that appellant suffered the three prior convictions in question. We disagree.

We first note that the State produced the appellant's photograph in addition to the judgment abstract. Furthermore, even if the State had produced only the abstracts, the similarity of names would have provided a sufficient basis for the jury's finding.

In *Williams v. State*, 364 P.2d 702, 703 (Okl.Cr.1961), this Court first wrote:

"In regard to proof of former conviction under the Habitual Criminal Act, 21 O.S. (1951) § 51, the identity of name of the defendant and the person previously convicted is prima facie evidence of identity of person, and, in the absence of rebutting testimony, supports a finding of such identity of person. This will leave the question of identity to be determined by the jury, after consideration of all surrounding facts and circumstances, such as commonness or unusualness of the name, the character of the former crime or crimes, and the place of its commission."

*Accord Tucker v. State*, 620 P.2d 1314 (Okl.Cr.1980). This assignment of error is without merit.

## II.

Next, appellant asserts the State failed to prove two of the three prior convictions did not arise out of the same transaction. His argument is that two of the case numbers listed in the abstract of judgment are consecutive, thus proving these two felonies were improperly admitted. We do not agree.

Title 21 O.S.1981, § 51 B provides that, when joining two or more convictions to enhance punishment, "felony offenses relied upon shall not have arisen out of the same transaction or occurrence or series of events closely related in time or location." We have held it is the defendant's burden of proof to establish that the prior convictions arose out of the same transaction. *Bickerstaff v. State*, 669 P.2d 778 (Okl.Cr. 1983). The mere fact that the prior convictions were consecutively numbered does not meet this burden in the absence of other evidence. *See e.g. Hammer v. State*, 671 P.2d 677 (Okl.Cr.1983). This assignment of error is accordingly rejected.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT and BUSSEY, JJ., concur.