Timothy OWENS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–83–517.

Court of Criminal Appeals of Oklahoma.

Sept. 12, 1985.

Elaine Meek, Asst. Appellate Pub. Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

PARKS, Presiding Judge:

The appellant, Timothy Owens, was charged with, tried for, and convicted of Robbery with Firearms in the District Court of Pottawatomie County, Case No. CRF–79–739. He was sentenced upon con-

viction by a jury to forty (40) years' imprisonment, and appeals. We affirm.

On December 2, 1979, a convenience store in Shawnee, Oklahoma was robbed by an armed man, who was identified by the victim, Lloyd Hampton, as the appellant. According to Mr. Hampton's testimony, appellant took $85 during the robbery. Two other witnesses testified that they saw the appellant in the vicinity of the store on the morning it was robbed. Appellant claimed as his defense that he was in Florida at the time of the crime.

## I.

Appellant first argues Mr. Hampton's in-court identification was the product of a suggestive photographic line-up, and should have been suppressed by the trial court. However, our examination of the record reveals the in-court identification was not met with a contemporaneous objection by defense counsel. Accordingly, this assignment of error is without merit. *Smith v. State*, 644 P.2d 106 (Okl.Cr.1982).

## II.

Next, appellant claims he was unfairly prejudiced through improper comments made by the prosecutor during summation. He claims these improper arguments resulted in an excessive sentence. We do not agree.

The State argues that these comments were not met with a contemporaneous objection at trial, and therefore, this claim of error was waived. However, appellant's claim of error does not go to the validity of the conviction, but to the alleged excessiveness of the sentence imposed. As Judge Bussey succinctly stated in *Freeman v. State*, 681 P.2d 84, 86 (Okl.Cr.1984), "[i]n determining whether the sentence is excessive, we will consider the entire record, *including improper matter received without objection*, and, where justice requires, will modify the sentence." *Id.* at 86 (Emphasis added). This assignment of error has not been waived, and is properly before this Court.

Nevertheless, we do not agree that the comments, though improper, warrant modification of this sentence. The prosecutor did make comments apparently calculated to arouse societal alarm, and these comments were improper. *See Holt v. State*, 551 P.2d 285 (Okl.Cr.1976). *See also Potter v. State*, 511 P.2d 1120 (Okl.Cr.1973). However, in light of the fact these comments constituted the only improper matter found in the entire appellate record, and that a sentence of forty years for armed robbery is not particularly harsh, we decline to disturb the jury's assessment of punishment.

## III.

Appellant also has filed *pro se* Motion for New Trial on the ground of newly discovered evidence. We are without jurisdiction to consider this motion. Rule 2.1 of the Rules of the Court of Criminal Appeals, 22 O.S.1981, ch. 18 App. *et seq.*, requires motions for a new trial on newly discovered evidence to be brought before this Court if the motion is filed after rendition of the judgment and sentence. Title 22 O.S.1981, § 953 states "[a] motion for a new trial on the ground of newly discovered evidence may be made within three (3) months after such evidence is discovered but *no such motion may be filed more than one (1) year after judgment is rendered ...*" (Emphasis added). Judgment and sentence in appellant's case was imposed on March 7, 1983. The motion for new trial was filed on June 25, 1984. Accordingly, the motion was not timely filed, and we may not consider the same. *See Reed v. State*, 657 P.2d 662 (Okl.Cr.1983).

Accordingly, the judgment and sentence of the District Court is AFFIRMED.

BRETT, J., concurs.

BUSSEY, J., concurs in results.