**Johnny Carl HORTON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–161.**

Court of Criminal Appeals of Oklahoma.

Dec. 2, 1986.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Mary Quinn, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Johnny Carl Horton, a/k/a James, was convicted of the crime of Petit Larceny After Former Conviction of a Felony in Case No. CRF–84–1905 in the District Court of Tulsa County and was sentenced to three (3) years imprisonment, and he appeals. We affirm.

Briefly stated the facts are that on May 21, 1984, the appellant entered the Wall's Bargain Center in Tulsa, Oklahoma, put on a pair of new shoes, leaving his old shoes in the shoe department, and walked out of the store. The appellant was accosted at the store exit by the manager who asked him for a receipt for the shoes he was wearing. After the appellant refused, the manager returned to the shoe department where he discovered a used pair of men's shoes. He took the used shoes and drove approximately two (2) blocks where he observed the appellant, and he explained to the appellant that all he wanted was to trade the used shoes for the stolen shoes. At that point, the appellant refused the offer and picked up a rock and threatened the manager with it. The manager then departed and contacted the police who later arrested

the appellant. When the appellant testified at trial, he admitted that he stole the shoes and further admitted that he had three (3) prior felony convictions.

In his sole assignment of error, the appellant contends that the punishment imposed is excessive. He alleges that his sentence was affected by improper prosecutorial comments and should be modified by this Court. We disagree with this contention.

The appellant only objected to one of the allegedly improper comments; therefore, appellate review is waived except for fundamental error. *Tahdooahnippah v. State*, 610 P.2d 808 (Okl.Cr.1980). We have reviewed the comments and find that there is no fundamental error. Moreover, the trial court sustained the appellant's objection to the one comment he objected to and properly admonished the jury to disregard the remark. Generally, the court's admonition to the jury to not consider the remarks of counsel usually cures an error unless it is of such a nature that after considering the evidence the error appears to have determined the verdict. *Holdge v. State*, 586 P.2d 744 (Okl.Cr.1978). Considering the overwhelming evidence of appellant's guilt, we cannot say that the remark was so prejudicial as to have determined the verdict or aggravated the sentence; therefore, any error was cured by the judge's admonition.

This Court has consistently held that unless the sentence is so excessive as to shock the conscience of the Court it will not be modified. *Webb v. State*, 632 P.2d 428 (Okl.Cr.1980). The appellant was sentenced pursuant to 21 O.S.1981, § 51(A)(3) which provides that:

A. Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction is punishable therefor as follows:

\* \* \* \* \* \*

3. If such subsequent conviction is for petit larceny, or for any attempt to commit an offense which, if committed, would be punishable by imprisonment in the penitentiary, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding five (5) years.

In light of the overwhelming evidence of appellant's guilt, the fact that he admitted having three (3) prior felony convictions, and that the punishment imposed is well within the limits proscribed by law, we are of the opinion that the punishment imposed is not excessive.

Finding no error warranting modification or reversal, the judgment and sentence is accordingly AFFIRMED.

PARKS, P.J., and BRETT, J., concur.