**Lawrence Okis STRINGFELLOW, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–85–300.**

Court of Criminal Appeals of Oklahoma.

Oct. 27, 1987.

Lisbeth McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge.

The appellant, Lawrence Okis Stringfellow, was tried by jury and convicted of Attempted Burglary, First Degree, After Former Conviction of a Felony (21 O.S. 1981, §§ 42, 51 and 1431, 1436), in Creek County District Court, Case No. CRF–84–58, before the Honorable John Maley, District Judge. The jury set punishment during the second stage at nine (9) years imprisonment. Judgment and sentence was imposed accordingly. We affirm as hereinafter modified.

Briefly stated, this case involves the attempted burglary of sixty-seven-year-old Mildred Boone's residence in Sapulpa, Oklahoma, on the evening of March 15, 1984. At about 5:15 p.m., Ms. Boone heard her doorbell ring, but when she answered the door nobody was there. As she walked back into her living room, she said she glanced through the drapes, which were open about four feet on her sliding glass door, and saw a man standing just outside the door. Ms. Boone watched the man for about thirty (30) seconds, observed him make about a twenty (20) inch cut in the screen door to the patio using a hunting knife. She hit the door with her fist, yelled as loud as she could, and the man looked up at her for a few seconds and then ran. Ms. Boone then looked through a window

in her garage and saw two men running away. Through Ms. Boone's description of the man she saw, and Sapulpa Detective Tom Clark's observance of the appellant similarly dressed in the same area some three hours before the incident, police took a group of five photographs to Ms. Boone the next day, including a photograph of the appellant. Ms. Boone identified the photograph of the appellant as the man she saw cutting the screen on her door and, following further investigation, appellant was arrested.

■ In his first assignment of error, appellant urges that he was denied a fair trial because of prosecutorial misconduct. First, appellant complains that the prosecutor improperly defined reasonable doubt when he commented during voir dire that: "Lawyers and the Judges do not define what reasonable doubt is, but reasonable doubt is certainly not any or all doubt." Defense counsel objected stating, "if we're not going to define it, let's not define it." The trial judge stated that "[r]easonable doubt will not be defined. Go on." A review of the record shows that the prosecutor's statement was in response to defense counsel's statement during voir dire a few minutes earlier that "if you have any doubt in this case, you are to resolve it in favor of [appellant] against the State...." In view of the foregoing, although we continue to condemn attempts by prosecutors to define reasonable doubt, we cannot say that the prosecutor's comment created an erroneous impression such as to have caused undue prejudice to the appellant. *See Diaz v. State*, 728 P.2d 503, 511 (Okla. Crim.App.1986).

■ Second, appellant asserts that during first stage closing argument, the prosecutor improperly implied that the appellant and defense witnesses lied. While the prosecutor made several improper remarks expressing his opinion as to the falsity of the testimony of defense witnesses, *see ABA Standards for Criminal Justice, The Prosecution Function*, § 3–5.8(b) (1980), none of the remarks now complained of were met with a contemporaneous specific objection at trial and, in the absence of

fundamental error, this claim is without merit. *See Garcia v. State*, 734 P.2d 820, 824 (Okla.Crim.App.1987). None of the other comments complained of during first stage closing argument were met with a timely specific objection, and we have found no fundamental error requiring reversal.

■ With regard to second stage closing argument, appellant complains that the prosecutor improperly commented on the time actually served by the appellant on the former charge, by stating:

[H]e was convicted and sentenced [on the previous felony] on April 12, 1982 ... 'for a term of two years for the crime of Burglary, Second Degree.' Two years from April the 12th, 1982, would have been April 12th, 1984. The crime that you just [sat] as a jury in ... the offense was committed March 15, 1984. He still had something like 27 days to go....

At this point, defense counsel's timely objection to the comment as an improper reference "to the possibility of a parole or the fact that the state prison system gives people good time" was overruled, as was his motion for a mistrial. Defense counsel then asked the trial judge to instruct the jury that appellant was released "early" because he received 83 days credit for time served in jail prior to his conviction. This request was denied. It is clearly improper for a prosecutor to advise the jury that a defendant will not serve the full term of imprisonment imposed, by making references to pardon and parole or good time deductions. *Webb v. State*, 546 P.2d 642, 644 (Okla.Crim.App.1976); *Tucker v. State*, 499 P.2d 458, 461 (Okla.Crim.App.1972). The comment by the prosecutor in the instant case was improper to the extent that it advised the jury that the appellant had not actually served his full term of imprisonment for his prior conviction. *See Webb, supra.* In *Jones v. State*, 554 P.2d 830, 836 (Okla.Crim.App.1976), it was recognized that any inquiry into time actually served has:

no useful purpose beyond that of educating the jury as to the often disproportionate ratio between sentence rendered and

time served. The various reasons for reduction of sentence are not properly before the jury and neither should the results of these extraneous facts be before the jury.

*See also Dyke v. State*, 716 P.2d 693, 699 (Okla.Crim.App.1986) ("It is certainly true that evidence admitted regarding the amount of time actually served on a prior conviction, if raised by the prosecutor, would constitute error.") In light of this improper comment during the punishment stage, we believe that the interests of justice would best be served by modifying appellant's sentence from nine (9) years to seven (7) years imprisonment. *See Holt v. State*, 551 P.2d 285, 288–89 (Okla.Crim. App.1976).

█ In his second assignment of error, appellant contends that it was error for the trial court to instruct the jury that the minimum sentence was seven (7) years, and that the trial court should simply have instructed the jury that it could assess punishment at "not more than ten (10) years." We disagree. The punishment range for first degree burglary is not less than seven (7) years nor more than twenty (20) years. *See* 21 O.S.1981, § 1436(1). Under the general attempt statute, the maximum sentence for attempted first degree burglary is one-half (½) the maximum sentence possible for a completed first degree burglary, that is, ten (10) years. *See* 21 O.S.1981, § 42(1). Under prior caselaw, the "minimum sentence is not affected ...," but remains the same. *Hines v. State*, 557 P.2d 917, 918 (Okla.Crim.App.1976). Accordingly, this assignment is without merit.

█ Appellant argues in his third assignment of error, that the victim's identification was patently unreliable. The record reveals, however, that appellant failed to properly preserve this issue for appellate review by making a timely specific objection at trial. *See* 12 O.S.1981, § 2104(A)(1); *Owens v. State*, 706 P.2d 912, 913 (Okla. Crim.App.1985). This assignment of error is without merit.

█ In his fourth assignment of error, appellant asserts that the trial court erred in refusing to suspend part of his sentence.

Having found no abuse of discretion, this assignment is likewise meritless. *See White v. State*, 702 P.2d 1058, 1062–63 (Okla.Crim.App.1985).

█ Finally, appellant complains that the evidence was insufficient to sustain his conviction. Having reviewed the evidence presented at trial in the light most favorable to the State, we believe that any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *See Spuehler v. State*, 709 P.2d 202, 203–04 (Okla.Crim. App.1985).

Accordingly, for all of the foregoing reasons, the judgment and sentence is AFFIRMED as previously MODIFIED for the reasons stated in the first assignment of error.

BRETT, P.J., and BUSSEY, J., concur.