Danny Ray LAMB, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-84-764.

Court of Criminal Appeals of Oklahoma.

May 25, 1988.

Gloyd McCoy, Asst. Appellate Public Defender, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Danny Ray Lamb, was charged with Second Degree Burglary, After Former Conviction of a Felony, in violation of 21 O.S.1981, § 1435, in Case No. CRF–83–2105 in the District Court of Tulsa County. The jury found him guilty and assessed his punishment at fifteen (15) years' imprisonment. The trial court sentenced the appellant accordingly and from this conviction, he has perfected his appeal.

On June 15, 1983, Tulsa Police Officers William Thomas and David Stice, accompanied by canine partner Thunder, answered an intrusion alarm at a park maintenance station located in Newblock Park, at approximately 11:23 p.m. A hole was discovered in an overhead door on the south side of the building, and several tools were observed on the ground outside the building. The officers entered the building through the hole, and Thunder began barking at the door of a closed, interior office. When no one responded to Thomas' order to come out, Thomas entered the room and observed the appellant sitting behind a desk. The appellant stated that no one else was with him, but a voice underneath the desk stated, "I give up" and Daniel Cutnose emerged from under the desk. Cutnose subsequently pled guilty and received a two year deferred sentence for his part in the activities of June 15, 1983.

Meanwhile, another officer had arrived on the scene and observed an open window on the west side of the building, along with numerous hand tools on the ground below the window. All of the tools found outside the building were photographed, inventoried, identified and subsequently returned to the Tulsa Parks Department. After receiving warnings and signing a voluntary waiver form, appellant denied moving property in the building and hid because he was worried.

At trial, Cutnose testified that he went to the appellant's home at about 10:00 p.m. on the evening of the incident, and that the defendant told him that he had kicked in the door of the park building 30–45 minutes earlier. The appellant requested Cutnose's assistance in removing tools from the building, with the purpose of selling them in Inola. Cutnose stated that the men dropped tools out of the window until the police arrived.

Appellant testified in his own behalf that he had been previously convicted of grand larceny and armed robbery. He claimed that on the evening of the 15th, a somewhat intoxicated Cutnose, accompanied him on a fishing trip behind Newblock Park. Cutnose approached the building while appellant was getting out his fishing equipment. Cutnose entered the building and appellant followed, hoping to persuade Cutnose to come out. Appellant stated that the pair hid when the police arrived because they were afraid of the dog. Appellant did not know what happened to his fishing equipment after the incident.

Appellant first contends that he was denied effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court enunciated the proper standards for judging effective assistance of counsel in the form of a two-prong test. "First, the defendant must show that counsel's performance was deficient" and "[s]econd, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687, 104 S.Ct. at 2064. The Court noted that the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.*

Appellant attempts demonstration of the first tier of deficient performance by claiming that his attorney was retained eighteen hours before the trial commenced, and that although counsel had advised appellant that he would seek a continuance of the trial to afford him more preparation time, counsel did not seek a continuance. A review of the record, however, indicates that counsel orally requested a continuance, but it was denied. Appellant also contends that counsel made several errors

during the trial, which also demonstrate deficient performance, including questioning appellant concerning his previous convictions, and waiving the formal second stage guilt proceeding.

This Court has been unwilling to say that direct examination about prior felony convictions was not a viable trial strategy. *Stover v. State*, 674 P.2d 566 (Okl.Cr.1984). Using the past-felony information provided voluntarily by appellant, defense counsel argued during his closing statement that appellant did not deny his past, but that he had been rehabilitated. Moreover, in light of appellant's honesty concerning his past, it was not unusual for him to waive a bifurcated trial, especially since this waiver may be made without prejudice in a non-capital case. *Id.* See also *Reed v. State*, 657 P.2d 662 (Okl.Cr.1983).

██ Appellant further maintains that he filed a complaint with the Oklahoma Bar Association, and the Bar's letter of admonishment, placed in defense counsel's permanent file, is presumptive evidence of ineffective assistance of counsel. The admonishment letter is not contained within the record before the Court, and appellant fails to cite any authority for his position. Specific authority supporting assertions on appeal must be given. *Van Woundenberg v. State*, 720 P.2d 328 (Okl.Cr.1986). Moreover, a per se rule that an admonishment by a bar association is proof of ineffective assistance of counsel should not be substituted for prong one of the test enunciated in *Strickland. See generally Rogers v. State*, 721 P.2d 805 (Okl.Cr.1986) (contempt citation is not per se finding of incompetent counsel). Further, even if appellant had proven the first prong of *Strickland*, he failed to show how his defense was prejudiced by defense counsel's performance which is the second part of the test.

Appellant's second assignment of error attacks the evidence offered to prove the elements of second degree burglary. Appellant maintains that evidence of intent to steal was provided by the accomplice, Cutnose, and that this testimony was uncorroborated. In *Pierce v. State*, 651 P.2d 707 (Okl.Cr.1982), this Court stated that circumstantial evidence can be used to corroborate accomplice testimony. Indeed, all elements of a crime may be proven by circumstantial evidence. *Barrett v. State*, 674 P.2d 59 (Okl.Cr.1984).

██ In this case, appellant was apprehended inside the park maintainence building after 11:00 p.m. A hole had been made in the overhead door and a window opened. Numerous parks department tools were found outside the building, below the open window. This circumstantial evidence corroborates Cutnose's testimony and acts, independently, to prove the elements of second degree burglary.

██ In his third assignment of error, appellant asserts that his sentences are disproportionate and excessive when compared to the sentence imposed upon his accomplice. Excessiveness of punishment is to be determined by a study of all of the facts and circumstances of the case. *Dilworth v. State*, 611 P.2d 256 (Okl.Cr.1980). The sole fact that an accomplice received a lesser sentence does not make appellant's sentence excessive. *Robertson v. State*, 562 P.2d 880 (Okl.Cr.1977). In this case, the appellant was convicted of second degree burglary after former conviction of a felony. His 15 year sentence is well within the provisons of 21 O.S.1981, § 51.

██ Finally, appellant maintains that the cumulative effect of errors occurring at trial mandate that his case be remanded or his sentence be modified. However, appellant's individual assignments of error are not persuasive, and this Court has consistently held that if individual assertions of error are rejected, then the propositions when considered collectively will not yield a different result. *Ballou v. State*, 694 P.2d 949 (Okl.Cr.1985).

Therefore, for all of the above reasons, the judgment and sentence is AFFIRMED.

BUSSEY and PARKS, JJ., concur.