**Richard Allen HAMPTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–84–642.

Court of Criminal Appeals of Oklahoma.

July 12, 1988.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Jean M. LeBlanc, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Richard Allen Hampton, appellant, was tried by jury for the crime of Robbery With Firearms in violation of 21 O.S.1981, § 801 in Case No. CRF–83–3735 in the District Court of Tulsa County. The jury returned a verdict of guilty and set punishment at fourteen (14) years' imprisonment. The trial court sentenced appellant in accordance with the jury's verdict. From this judgment and sentence, appellant appeals to this Court.

On October 19, 1983, Ms. Corwin was working at the Golden Drumstick Restaurant in Tulsa. At approximately 4:45 p.m., a white man with long, curly, sandy hair and a beard and moustache, who was wearing sunglasses, a red bandana, a hat and a dark jacket, entered the restaurant. The man approached another employee, exposed a gun and ordered the employee to go to the back of the restaurant. The man then approached Ms. Corwin and put the gun to her head, holding it between her eyes. The man demanded the money from the register and the safe. After some money was taken, a car drove into the parking lot and the man ran out the door and around to the back of the building. The police were then notified.

At trial, Mr. Jones testified that he lived across the street from the restaurant. He testified that he was sitting in his living room at approximately 4:45 p.m. the same day, when he observed a man run past his window. Mr. Jones stated that he went to his front door and observed the man get into an older model, reddish-colored car with no hood. He testified that the man sped away. Mr. Jones then went to the restaurant and relayed this information to the police.

In the meantime, Tulsa Police Officer Karen Rovan received a radio dispatch regarding the armed robbery. The dispatch gave a description of the suspect and the vehicle involved. Later that same evening, Officer Rovan observed a vehicle matching the description of the vehicle used in the armed robbery. Officer Rovan began a surveillance of the car. She took down the tag number, and upon calling it in, was informed that the vehicle was registered to the appellant.

Tulsa Police Officer Jerry McFarland took over the surveillance at the shift change. During his surveillance, the vehicle left the parking lot and proceeded past Officer McFarland's car. Officer McFarland turned on his red lights and followed the vehicle for about a mile before appellant pulled over. Thereafter, appellant and a female passenger were removed from the vehicle and placed under arrest. When appellant's vehicle was inventoried a .22 caliber revolver was recovered.

In his first assignment of error, appellant contends that the trial court committed reversible error in failing to give the defendant's requested cautionary instruction concerning eyewitness identification. The determination of which instructions shall be given to the jury is a matter within the discretion of the trial court, provided

that the instructions given fairly and correctly state the applicable law. *DeVooght v. State*, 722 P.2d 705 (Okl.Cr.1986). In *McDoulett v. State*, 685 P.2d 978, 980 (Okl. Cr.1984), this Court stated that in cases in which the eyewitness identification is a critical element of the prosecution's case and serious questions exist concerning the reliability of the identification, a cautionary instruction should be given which advises the jury regarding the factors to be considered. Another factor to be considered is the accuracy of the witness' prior description of the assailant. *McDoulett*, 685 P.2d at 981.

After a review of the record, however, we do not find a serious question concerning the reliability of the identification of appellant. Ms. Corwin testified that she observed appellant for a period of thirty to forty seconds. She further stated that she concentrated on appellant's physical traits, particularly his face and noticed what she called appellant's "cold, blue eyes." We have no doubt that the picture of a person holding a gun to your face would be etched in your memory for a long period of time, if not forever.

Moreover, Ms. Corwin identified appellant at a police line-up and also at the preliminary hearing. She again identified appellant at trial. Ms. Corwin was positive in her identification and never waivered. We do not find Ms. Corwin's slightly inaccurate description of appellant's weight and height to be persuasive. We are of the opinion that the weight and credibility of Ms. Corwin's testimony was for the jury's determination. In *McDoulett*, this Court stated that, "where the opportunity for positive identification is good and the witness is positive in his identification and his identification is not weakened by prior failure to identify, but remains, even after cross-examination, positive and unqualified, the testimony as to identification need not be received with caution...." *McDoulett*, 685 P.2d at 981.

■ In his second assignment of error, appellant complains that he was improperly harpooned by Officer McFarland. In re-

sponse to the prosecutor's question of whether the officer felt he had a vehicle in flight, Officer McFarland responded, "I didn't feel he was in flight, but I did notice him trying—I could tell he was moving something on the seat." In *Bruner v. State*, 612 P.2d 1375 (Okl.Cr.1980), this Court listed some of the characteristics of an evidentiary harpoon. After a review of the record, we are unable to say that the comment of Officer McFarland contains any features of an evidentiary harpoon. The statement was certainly not information of other crimes, as appellant could have been moving anything around on the seat. We fail to see how appellant suffered any prejudice, and find this assignment to be without merit.

In his final assignment of error, appellant contends that the prosecutor improperly cross-examined him on the subject of his post-arrest silence. The appellant urges reversal based on the following:

Q. [prosecutor]: All right. Who have you told this story to? Give me a list of everybody you've told this story to.

[defense counsel]: Objection to that, your Honor.

[the court]: Sustained.

Q. [prosecutor]: Have you told anyone this story about what—

[defense counsel]: Objection to that again. If we may approach the bench.

[the court]: I sustained the objection. I sustained the objection.

[defense counsel]: thank you, your honor.

Q. [prosecutor]: Sir, when did you relate this to anyone at the District Attorney's Office?

[defense counsel]: objection

[the court]: sustained.

■ A person has the right to remain silent when arrested and accused of a crime. U.S. Const. Amends. V, XIV. The Fifth Amendment to the United States Constitution allows an accused to remain silent during every stage of a criminal proceeding. *Miranda v. Arizona*, 384 U.S. 436,

467, 86 S.Ct. 1602, 1624, 16 L.Ed.2d 694 (1966). *Accord, Mahorney v. State*, 664 P.2d 1042 (Okl.Cr.1983). It would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial. *Doyle v. Ohio*, 426 U.S. 610, 618, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976).

 While this Court will not hesitate to reverse a conviction where the prosecutor has infringed on a defendant's right to remain silent, we cannot find that the prosecutor's cross-examination in the instant case was reversible error. Before a purported comment at trial on the defendant's failure to deny his guilt will constitute reversible error, the comment must directly and unequivocally call attention to that fact. *Mahorney* 664 P.2d at 1046. An implication apparent only to defense counsel is not reversible error. *Id.* at 1046.

For the foregoing reasons, the judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

Addressing appellant's final assignment of error, I believe the prosecutor's comments were improper. The prosecutor repeatedly asked appellant why no one had been told of his alibi defense. The State urges that the prosecutor's line of ques-tioning was not improper because appellant failed to comply with 22 O.S.1981, § 585 which requires a defendant to give notice of his alibi defense five days prior to trial. Although appellant failed to comply with Section 585, the proper remedy for the State would have been to request a continuance to investigate the alibi rather than to question him on his post-arrest silence.

The prosecutor's questions unequivocally call attention to the fact that appellant had elected to exercise his constitutional right to remain silent. *Fields v. State*, 648 P.2d 43, 45 (Okla.Crim.App.1982). The comments were objected to by appellant, and said objections were sustained by the trial judge before the witness had opportunity to answer the questions. No admonishment was requested by defense counsel and none was given by the trial court. While the error was preserved for appeal, this isolated incident of misconduct does not warrant reversal. *Kelsey v. State*, 744 P.2d 190, 192 (Okla.Crim.App.1987).