**Cordell Lee DAY, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–87–11.**

Court of Criminal Appeals of Oklahoma.

Dec. 7, 1989.

Cindy Foley, Asst. Public Defender, Okl. County Public Defender's Office, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Appellant, Cordell Lee Day, was tried by jury and convicted of Presenting a False and Fraudulent Insurance Claim, After Former Conviction of Two or More Felonies (21 O.S.1981, §§ 1662, 51(B)), in the Oklahoma County District Court, before the Honorable William S. Myers, Jr., District Judge. The jury set punishment at life imprisonment. Judgment and sentence was imposed accordingly. We affirm.

On August 8, 1985, a man, later identified as appellant, entered Tom's Market in Oklahoma City, and claimed that he had fallen in the parking lot. He said his name was Thurman Day, and stated he slipped on a patch of oil and twisted his ankle. The store clerk reported the incident to her manager. The manager looked for an oil slick but did not find one. The matter was then turned over to Carolyn Stoll, an agent at Northwestern National Insurance Company. Stoll testified that on several occasions, she spoke with a man who identified himself as Thurman Day. She received a doctor's bill and diagnosis, allegedly signed by Dr. David Trent, M.D. She also received bills from Emergency Physicians of Oklahoma. At trial, Dr. Trent testified that he never diagnosed a patient "Thurman Day" and that the bill presented to the insurance company was not genuine.

On October 11, 1985, appellant went to Stoll's office in Topeka, Kansas, to pick up a check for three thousand ($3000.00) dollars issued by the insurance company in settlement of appellant's claim. Stoll talked with appellant for fifteen minutes in her office. At trial, she identified appellant as the man who picked up the check and represented to her that he was "Thurman Day." Appellant never cashed the check.

■ As his first assignment of error, appellant claims the trial court lacked jurisdiction. He urges that Kansas, rather than Oklahoma, was the state with jurisdiction in this matter because the insurance company was located in Kansas, and appellant received the check in Kansas.

This issue of jurisdiction regarding the filing of a false insurance claim has never been addressed by this Court. However, 22 O.S.1981, § 122 states that jurisdiction of any public offense lies in the county where the offense was consummated. In the present case, appellant was charged and convicted of presenting or filing a false or fraudulent insurance claim in violation of 21 O.S.1981, § 1662:

> Every person who presents or causes to be presented any false or fraudulent claim, or any proof in support of any such claim, upon any contract of insurance, for the payment of any loss ... is punishable by imprisonment in the penitentiary not exceeding three (3) years, or by a fine not exceeding One Thousand Dollars ($1.000.00), or both.

The language of the statute clearly states that a defendant who presents a false claim or causes one to be presented for payment on an insurance contract is guilty of the

offense. It does not require that payment actually be made. Thus, the act is consummated when it is presented rather than when payment is made.

In the present case, appellant presented the claim when he went into Tom's Market which is located in Oklahoma. Because of his report, the alleged accident was presented to the insurance company. The evidence also reveals the false documents were prepared in Oklahoma County. Thus, we find that he "present[ed] or cause[d] to be presented" the false claim in Oklahoma County. Hence, jurisdiction was proper in Oklahoma.

■ As his second assignment of error, appellant contends there was insufficient evidence to support his conviction. The test used by this Court to determine the sufficiency of the evidence when both circumstantial and direct evidence is presented is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Spuehler v. State,* 709 P.2d 202, 203 (Okla. Crim.App.1985). The evidence presented reveals that a man who looked like appellant limped into Tom's Market and claimed he had fallen on a patch of oil. False medical bills were presented to the insurance company as a result of this alleged accident. Appellant was positively identified as the man who picked up a check issued by the insurance company in settlment of the incident. Under *Spuehler,* we find the evidence to be sufficient.

Next, appellant asserts his Sixth Amendment right to represent himself was violated by the trial court. Before trial, the following conversation occurred:

MR. WHITTAKER: Now, Mr. Day is not asking to represent himself. Are you?

DEFENDANT DAY: Well, if I was allowed law books and access to the law library in time to do it, I could properly represent myself.

THE COURT: Well, the Supreme Court of the United States says you have that right. I know nothing of your knowledge of the law or anything else. Nor-mally, an experienced attorney—and you have two representing you—can do a much better job If you desire to represent yourself, you do have that right under the Constitution.

Now, is that your desire?

DEFENDANT DAY: If I had access to the law library in time to do it, if I was afforded the law library.

THE COURT: Well, the law library will be open an hour and a half. I'm going to ask one of the deputies to accompany you and you can do what you will.

\*      \*      \*      \*      \*      \*

MR WHITTAKER: Your Honor, so that I can understand my role in this, are you allowing Mr. Day to represent himself and you want us—

THE COURT: If he elected to do so, he may. I think he'd be poorly advised to do so ... If you elect to represent yourself, this Court will permit you to do so; but you'll be entirely on your own.

\*      \*      \*      \*      \*      \*

THE COURT: If he elects to represent himself, I'm going to let him look at the law books. He can tell me what he wants to do at 9 o'clock in the morning....

The following morning appellant made no mention of representing himself. The record shows that both parties announced ready for trial, and that Mr. Whittaker, without objection from appellant, acted as counsel for appellant.

■ A defendant has the right to proceed pro se at trial if he knowingly and intelligently waives his right to counsel. *Colbert v. State,* 714 P.2d 209, 211 (Okla. Crim.App.1986), *cert. denied,* 479 U.S. 838, 107 S.Ct. 140, 93 L.Ed.2d 83 (1987). "Before an accused may represent himself or herself, the intention to proceed pro se must be stated unequivocally." *Swanegan v. State,* 743 P.2d 131, 132 (Okla.Crim.App. 1987). A waiver of counsel will not be presumed from a silent record. *Id.* at 132. In the present case, the record is silent regarding appellant's desire to proceed pro se on the day of trial. Furthermore, the statements made by appellant on the pre-

ceding day were equivocal and uncertain as to whether he wanted to proceed pro se. Thus, we find no error.

■ In his fourth proposition, appellant claims the trial court erred by failing to give a cautionary instruction regarding the eyewitness testimony. We disagree. In *McDoulett v. State*, 685 P.2d 978, 980 (Okla.Crim.App.1984), this Court held that in cases where the eyewitness identification is a critical element of the prosecution's case and serious questions exist concerning the reliability of the identification, a cautionary instruction should be given which advises the jury of the factors to be considered. *See also Hampton v. State*, 757 P.2d 1343, 1345 (Okla.Crim.App.1988). In the present case, there are no serious questions regarding the identification testimony. Only one witness, Stoll, identified appellant. She was positive in her identification and never waivered, even after cross-examination. She had ample opportunity to view appellant in her office for at least fifteen minutes, during which time her attention was focused on him. We find no error in the failure to give a cautionary instruction.

■ As his fifth proposition, appellant asserts reversible error occurred when the prosecutor made a statement regarding the definition of "reasonable doubt." During first stage closing arguments, the prosecutor, referring to the instructions, commented that the State's burden was not "beyond every doubt; it's a reasonable doubt." Tr. 76. Defense counsel objected to this comment, and the trial judge admonished the jury. This Court has recognized that it is not "grossly incorrect for the prosecutor to state that 'beyond a reasonable doubt' does not mean 'beyond a shadow of a doubt.'" *Diaz v. State*, 728 P.2d 503 (Okla.Crim.App.1986). While we continue to condemn attempts by the State to define "reasonable doubt," we find the prosecutor's comment in this case was substantially the same as the comment in *Diaz*, and that appellant suffered no prejudice. *See also Stringfellow v. State*, 744 P.2d 1277, 1279 (Okla.Crim.App.1987).

■ Appellant next argues there was a material variance between the Information and the evidence presented at trial. The Information alleged appellant had committed the fraud against Ben Kennedy and Associates Insurance Company. At trial, the evidence showed the crime to be committed against Northwestern National Insurance Company. Ben Kennedy and Associates is a broker for Northwestern National.

The test for whether a variance is fatal to the information is whether the defendant was misled by the information or could be exposed to the danger of being placed in jeopardy a second time for the offense. *Smith v. State*, 573 P.2d 713, 716 (Okla.Crim.App.1978). If the defect does not affect the substantial rights of appellant, it is not reversible error. *Bowen v. State*, 497 P.2d 1094, 1099 (Okla.Crim.App.1972); 22 O.S.1981, § 410. In *Bowen*, the Information incorrectly stated the name of the victim of a burglary. The trial court allowed an amendment of the Information after the State's evidence had been presented. This Court held that the amendment was permissible, especially in light of the fact the the defendant was not surprised or prejudiced by the error. Similarly, in the present case, appellant knew that Northwestern National Insurance Company was the company who carried the policy on Tom's Market. This is evidenced by the fact that he traveled to Topeka, Kansas, to pick the check up from the Northwestern National office. Appellant was not misled by the Information, nor can we find any prejudice. Furthermore, the Information was specific regarding the circumstances and facts of the alleged crime so as to avoid the danger of double jeopardy. This assignment is without merit.

■ In his seventh proposition, appellant urges the trial court erred by admitting into evidence the false medical bills and reports. He claims that these documents were hearsay and did not fall within any stated exception. The documents were admitted under 12 O.S.1981, § 2803(6), the business records exception. Defense counsel objected to the admission of this evi-

dence. Stoll, the insurance agent handling the claim, testified that the documents were those collected by her in order to make a determination of the settlement amount. The bills were submitted to her by appellant, and payment was made based on these bills. She collected these bills and kept them in the appellant's file. Thus, these documents were properly admitted under the business records exception. *See Maytubby v. State*, 665 P.2d 849, 851 (Okla. Crim.App.1983).

Appellant also claims that the trial court erred by allowing the jurors to separate after they had begun deliberations. Under 22 O.S.1981, § 857, the jury may not separate after they have begun deliberations. If they are allowed to separate and commingle with people outside the group, prejudice is presumed. *Elliott v. State*, 753 P.2d 920, 922 (Okla.Crim.App.1988). "When the court allows the jury to separate and counsel for both sides is present, their failure to object waives any potential error caused by the separation." *Id.*

In the case at bar, appellant's attorney was present when the judge decided to let the jury go home because of the late hour and continue deliberations on the following day. Although counsel for both sides was present, no objection was made. The judge admonished the jury not to discuss the case with anyone, and there is no indication that this admonishment was not followed. Because of the lack of objection and the admonishment, we find appellant suffered no prejudice.

In his ninth assignment of error, appellant claims that his conviction was improperly enhanced with four prior convictions. He urges that these convictions arose out of the same transaction and may not be considered four separate convictions for the purpose of enhancement. We disagree. The four offenses took place over a period of four months. While the facts of each incident were similar, appellant has failed to meet his burden of showing they arose out of the same transaction or series of events "closely related in time and location." *See* 21 O.S.1981, § 51B; *Gross v.*

*State*, 706 P.2d 914, 915 (Okla.Crim.App. 1985). This assignment is without merit.

Next, appellant seeks modification of sentence because docket sheets relating to his prior convictions were introduced and because each of the judgment and sentences contained the language "after former conviction of a felony." As to the docket sheets, appellant urges the information contained in these sheets was irrelevant and cumulative. The State argues that the docket sheets were necessary to show that the judgment and sentences were final. The State has the burden of showing that the judgment and sentences were final and that appellant was represented by counsel. *See Bickerstaff v. State*, 669 P.2d 778, 780 (Okla.Crim.App. 1983); *Engram v. State*, 545 P.2d 1285, 1290 (Okla.Crim.App.1976). The docket sheets reveal that appellant was represented by counsel in each of these prior incidents and that no appeal was taken. Therefore, the evidence is relevant. This assignment is without merit.

With regard to appellant's claim that the language "after former conviction of a felony" was prejudicial, we note the trial judge admonished the jury to "ignore any reference to a former felony conviction." Tr. 114. After a discussion at the bench, both parties agreed that the admonishment was sufficient to cure any potential prejudice. While the better practice is to delete the language from the face of the documents, any error was cured by the admonishment given by the judge, especially in light of the fact that appellant affirmatively agreed to the admonishment. *See Horton v. State*, 728 P.2d 1376, 1377 (Okla.Crim.App.1986).

In his next proposition, appellant argues the trial court erred by refusing to run the sentence concurrently with a sentence he had received earlier in the year. At the sentencing proceeding, the trial judge stated he did not have the authority to run the sentences concurrently because "a subsequent conviction cannot be run concurrently" with any sentence rendered later. He also refused to consider concur-

rent sentences because the convictions were unrelated.

Recently, this Court, in *Walker v. State*, 780 P.2d 1181 (Okl.Cr.1989) (now in circulation), held that 22 O.S.1981, § 976 permitted the judge to "enter a sentence concurrent with any other sentence." *Walker* continued by pointing out that an abuse of discretion may occur if the judge is under a mistaken belief of the law. In the present case, the record indicates that the judge believed he was without authority to run the sentences concurrently. Thus, we remand to the district court for further consideration in light of *Walker*.

■ In his twelfth proposition, appellant claims his sentence is excessive. Appellant was convicted of Presenting a False or Fraudulent Insurance Claim. At the sentencing stage, evidence of five prior convictions was introduced, including one conviction for Attempted Rape. Although he concedes his sentence was within statutory limits, appellant urges that the facts and circumstances of this case require modification. Again, we must disagree. This Court will only modify a sentence if it is so excessive as to shock the conscience. *See Scales v. State*, 737 P.2d 950, 954 (Okla. Crim.App.1987). Appellant had five felony convictions, one of which was a violent crime. Accordingly, we find no error.

■ Appellant also asserts his sentence is disproportionate to his crime and therefore violative of the Eighth Amendment prohibition against cruel and unusual punishment. He claims that the specific facts of this case indicate that the punishment imposed was not directly related to the crime committed. The State points out that appellant's sentence was enhanced by five prior felony convictions.

This Court has previously held that the statute allowing enhancement of punishment for prior offenders does not constitute cruel and unusual punishment. *Kirkendall v. State*, 725 P.2d 882, 884 (Okla. Crim.App.1986). Considering the facts of the present case, we reiterate that appellant had five prior convictions which were presented to the jury. One of these was for a violent crime. Thus, we do not think

appellant's sentence constitutes cruel and unusual punishment. *See, e.g., Young v. State*, 551 P.2d 1133, 1138 (Okla.Crim.App. 1976) (defendant received one hundred year sentence for a non-violent crime committed after former conviction of a felony). This assignment is without merit.

Finally, appellant asserts the cumulative effect of errors requires reversal. This Court has found no errors warranting reversal. If the individual assertions are rejected by this Court, the propositions when considered collectively will not yield a different result. *Lamb v. State*, 756 P.2d 1236, 1238 (Okla.Crim.App.1988). This assignment is without merit.

For the reasons stated above, the judgment and sentence is AFFIRMED, but REMANDED for further consideration.

LANE, V.P.J., and BRETT, J., concur.

LUMPKIN and JOHNSON, JJ., concur in part, dissent in part.

LUMPKIN, Judge, concurring in part, dissenting in part.

I concur in the Court's decision affirming Appellant's conviction and sentence. However, I dissent to the remand for further consideration for the same reason I expressed in *Walker v. State*, 780 P.2d 1181 (Okl.Cr.1989). Title 22 O.S.1981, § 1066 grants this Court the authority to modify, reverse or affirm the judgment appealed from, and if necessary or proper, order a new trial. The only reconsideration option available to the trial court is set forth in 22. O.S.1981, § 994 which provides that the judgment and sentence of any criminal conviction may be suspended by the court in which the defendant was originally convicted when it has been affirmed in whole or in part on appeal. Based upon the fact Appellant has five prior felony convictions, only 22 O.S.1981, § 1085 of the Post Conviction Relief Act authorizes the remedy suggested by the Court in this type of non-capital case. Section 1085 states in pertinent part that "If the court finds in favor of the applicant, it shall vacate and set aside the

judgment and sentence, and discharge or resentence him, or grant a new trial, or correct or modify the judgment and sentence as may appear appropriate." An application for relief under this statute is commenced by filing a verified application with the clerk of the district court imposing judgment.