Tommy E. KIRKENDALL, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-84-355.

Court of Criminal Appeals of Oklahoma.

Sept. 23, 1986.

Thomas G. Smith, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Tommy E. Kirkendall, was convicted in the District Court of Pottawatomie County, Case No. CRF–83–263 of Second Degree Burglary, After Former Conviction of Two or More Felonies for which he received a sentence of thirty-seven and one-half years, and he appeals.

Since all five assignments of error raised by the appellant involve second stage proceedings, we deem a statement of the facts of this case unnecessary.

### I

■ As his first assignment of error, the appellant alleges that improper prosecutorial comments during the closing argument of the punishment phase resulted in the jury assessing an excessive sentence. As appellant's second and fifth assignments of error also allege an excessive sentence, we shall deal with these arguments together. We must first note that only one comment was properly preserved by an objection. Therefore, we will only address the alleged error to which the appellant objected. See *Parks v. State*, 651 P.2d 686 (Okl.Cr.1982), cert. den., 459 U.S. 1155, 103 S.Ct. 800, 74 L.Ed.2d 1003 (1983). The error of which appellant complains was made when the prosecutor stated that people who break

884 ■

into houses sometimes find someone at home, and that person could be hurt. As there was no evidence that the appellant had ever broken into an occupied dwelling, the court properly sustained an objection on the grounds that there was no evidence admitted to support the statement. However, the defense attorney failed to ask that the jury be instructed to disregard the comment. In so failing, any error is waived. *Simpson v. State*, 642 P.2d 272 (Okl.Cr.1982).

■ The appellant further complains that the jury sentenced the appellant to six months more than the thirty-seven years recommended by the prosecutor, and that this sentence was excessive under all of the facts and circumstances. A review of the record reveals that the appellant has five former felony convictions, three for grand larceny, and two for second degree burglary. In view of this, and after examining the other comments of which the appellant complains in their context, the remarks of the prosecutor cannot be said to be so prejudicial as to have adversely affected the fairness and impartiality of the proceedings. Nor can we agree with the complaint of the appellant that because this crime involved no danger of personal injury to another that the sentence was therefore excessive. We have consistently held that the issue of excessive punishment must be determined by a study of all the facts and circumstances in each particular case, and unless the sentence is so excessive as to shock the conscience of this Court, we do not have the power to modify a sentence. *Clark v. State*, 678 P.2d 1191 (Okl.Cr.1984). The habitual criminal statute, 21 O.S.1981, § 51(B), carries no maximum penalty, and its application is not limited to crimes involving danger of injury to others. In view of his five prior felony convictions, and the fact that the sentence imposed is well within the range established for this offense, we cannot say that the sentence imposed shocks the conscience of the Court.

■ As a third approach to this complaint of excessive punishment, the appellant argues that the sentence imposed as authorized by 21 O.S.1981, § 51(B) constitutes cruel or unusual punishment under Oklahoma's Constitution. We have upheld the constitutionality of this statute many times on the grounds that its application does not constitute cruel or unusual punishment. *Taylor v. State*, 423 P.2d 473 (Okl. Cr.1967).

Moreover, the 'fixing of penalties ... is legislative function, and sentence within limits of applicable statute will not ordinarily be disturbed on appeal as unusual, excessive or cruel.' [Citation omitted].

*Powell v. State*, 94 Okl.Cr. 1, 229 P.2d 230, 234 (1951).

Therefore, this assignment of error is without merit.

II

■ As his next assignment of error, the appellant argues that the prior convictions were not shown to be final. The record does not reveal an objection to the certified copies of the judgments and sentences on the grounds that they were not final, nor was this alleged error raised in the appellant's motion for new trial. Therefore this assignment of error has not been properly preserved for appeal. See, *Moore v. State*, 433 P.2d 519 (Okl.Cr.1967). Moreover, the time for perfecting an appeal has long since past. 22 O.S.1981, ch. 18, App., Rule 1.4(B). When an appeal has not been perfected within six months of the judgment and sentence as provided by law, that judgment and sentence may be used to enhance punishment in a subsequent trial under 21 O.S.1981, § 51. *Bowen v. State*, 586 P.2d 67 (Okl.Cr.1978). We find this assignment of error to be without merit.

III

■ As his final assignment of error, the appellant complains that the State presented insufficient evidence that he had sustained prior convictions. During the trial, the State offered certified copies of judgments and sentences, two of which were from 1967, one from 1972, and one from

1980. The defense counsel objected to all four documents on the grounds that the name appearing on each was "Tommy Kirkendall," and the appellant was listed on the information in the case before the court as "Tommy E. Kirkendall," and that therefore, a material difference appeared between the name on the judgments and sentences, and the name of the appellant. The court admitted the documents, and the State rested. The defense counsel did not present any evidence. This Court has often held that the identity of the name of a defendant and the person previously convicted is prima facie evidence of identity of person, and in the absence of rebutting testimony, supports a finding of such identity of person. The question of identity will then be determined by the jury, after consideration of all surrounding facts and circumstances, such as whether the name is common or unusual, the character of the former crime or crimes, and the place of its commission. *Williams v. State*, 364 P.2d 702 (Okl.Cr.1961). The name Tommy Kirkendall is sufficiently identical to Tommy E. Kirkendall to establish a prima facie case. A review of those judgments and sentences reveals that all were for similar crimes, and that all were sustained in Pottawatomie County. We therefore find that the evidence presented was sufficient, and this assignment of error is without merit.

The judgment and sentence is AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., concurs in results.