**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**AUG 21 2002**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

BRANDON PAUL OWENS,

      Petitioner - Appellant,

v.

REGINALD HINES, Warden and THE
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents -Appellees.

No. 02-6170
(D.C. No. 01-CV-1388-R)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO,** and **HARTZ**, Circuit Judges.

      Brandon P. Owens, a pro se prisoner, seeks a certificate of appealability

from the district court's denial of his petition for habeas relief. Owens pled

guilty and was convicted of Feloniously Carrying a Weapon, After Former

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

Conviction of Two or More Felonies, and he received a twenty-year prison sentence. After the statutory period for withdrawing his guilty plea had expired, Owens filed a petition for state post-conviction relief, asserting three grounds for relief: (1) denial of a direct appeal through no fault of his own; (2) denial of his right to counsel as a result of a conflict of interest; and (3) denial of his due process and equal protection rights by enhancement of his sentence. Owens v. State, No. PC-2001-704, slip op. at 1 (Okla. Crim. App. Aug. 17, 2001). The Oklahoma Court of Criminal Appeals (OCCA) denied relief, id. at 4, rejecting Owens's first ground on the merits and the second and third grounds as procedurally barred. The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) apply to this petition.

As to the first and third grounds, we deny a certificate of appealability substantially for the reasons given by the district court.

In his second ground for relief, Owens argues that he was denied effective assistance of trial counsel when his attorney "enticed" him into pleading guilty by stating that if he did not accept the offer the prosecutor would withdraw from plea negotiations and "pick a redneck jury." (Aplt. B. 10.) Owens argues that such enticement amounts to a conflict of interest. The OCCA did not consider the merits of this claim because it concluded that this claim was procedurally barred because it was not raised on direct appeal. The district court denied habeas relief

on this claim, reasoning that it was procedurally barred because "the Petitioner was aware of the factual basis for this claim, and could have raised it as a ground for withdrawal of his plea." (Slip op. at 2 (citing English v. Cody, 146 F.3d 1257, 1264 (10th Cir. 1999).) The district court concluded alternatively that this claim fails on the merits.

We assume, for purposes of this opinion, that Oklahoma's procedural bar of this claim is not adequate to bar our consideration of this claim, and therefore that our review of its merits is de novo. See Johnson v. Gibson, 169 F.3d 1239, 1252 (10th Cir. 1999) (deciding petitioner's claim on the merits after assuming that claim is not procedurally barred). We conclude that Owens has failed to demonstrate that counsel's performance amounted to ineffective assistance of counsel. See Fields v. Gibson, 277 F.3d 1203, 1216 (10th Cir. 2002) (holding that counsel did not render deficient performance in convincing the petitioner to plead guilty, because counsel "did not coerce Fields but merely 'strongly urged' him to do what they thought was in his best interest"). Owens alleges only that counsel advised him that, if he rejected the plea offer, the prosecution would not make other offers and that the jury composition would be unfavorable. Because such advice plainly does not amount to coercion, see id. at 1210, 1212-14 (finding no coercion where counsel "pulled out all the stops" to convince her client to plead guilty, telling her client that if he did not plead guilty he would be

sentenced to death, whereas if he pled guilty he very likely would not, and enlisting family members to urge him to plead guilty), Owens's claim is without merit.

Liberally construed, Owens's petition also argues that counsel was ineffective for failing to argue that Owens was ineligible for the twenty-year sentence he received. We assume for purposes of this appeal that this claim was exhausted and that Oklahoma's procedural bar is not adequate to foreclose our de novo consideration of this claim. Owens was sentenced under 21 O.S. § 51(B), which provided a sentence of "not less than" twenty years for "[e]very person who, having twice been convicted of felony offenses, commits a third . . . felony offense[] within ten (10) years of the date following the completion of the execution of the sentence."[1] Owens contends that counsel should have argued that § 51(B) did not apply to him because he had not yet completed his term of imprisonment on his prior felony convictions. We find no ineffective assistance of counsel. Owens's eligibility for § 51(B) enhancement began after he was "twice . . . convicted of felony offenses." See Kirkendall v. State, 725 P.2d 882, 884 (Okla. Crim. App. 1986) ("When an appeal has not been perfected within six

---

[1] 21 O.S. § 51 was repealed effective July 1, 1999 (Owens was sentenced in April, 2000) and replaced with 21 O.S. § 51.1. The new § 51.1(B) is substantially identical in all relevant respects to the provision under which Owens was sentenced.

months of the judgment and sentence as provided by law, that judgment and sentence may be used to enhance punishment in a subsequent trial under 21 O.S.1981, § 51.").[2]  Contrary to Owens's present argument, the statutory phrase "within ten (10) years of the date following the completion of the execution of the sentence" describes only the end point, and not the starting point, of § 51(B) eligibility.  Accordingly, counsel's decision not to challenge Owens's § 51(B) eligibility was not deficient performance.

## CONCLUSION

For the foregoing reasons, a certificate of appealability is DENIED and the appeal is DISMISSED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[2]  Owens does not allege that, at the time he received his present sentence, he had perfected an appeal as to his prior convictions or less than six months had passed since entry of judgment.