**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAUL RICE,

        Petitioner - Appellant,

v.

RON CHAMPION,

        Respondent - Appellee.

No. 01-5154
D.C. No. 98-CV-386-C
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **BRISCOE** and **HARTZ**, Circuit Judges.

Petitioner Paul Rice appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254, and the denial of his request for an evidentiary hearing on the issue of ineffective assistance of trial counsel. We previously granted a certificate of appealability on Rice's claims of prosecutorial misconduct and ineffective assistance of trial counsel, which encompasses the issue of whether he is entitled to an evidentiary hearing on that claim. We affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I.

In January 1996, Rice was convicted by a jury in Mayes County District Court, Oklahoma, (case No. CRF-94-269) of trafficking in methamphetamine. Since he previously had been convicted of two drug-related felonies, he received the mandatory sentence of life in prison without parole, and was fined $500,000. See Okla. Stat. Ann. tit. 63, § 2-415(D)(3).

During the sentencing phase of trial, the prosecution introduced certified copies of the judgments and sentences in two prior felony convictions from Okmulgee County. Pleas were entered in both cases on August 24, 1989. In Case No. CRF-88-160, Rice entered a plea of guilty to the charge of conspiracy to manufacture a controlled dangerous substance, in violation of Okla. Stat. Ann. tit. 63, § 2-408, and was sentenced to ten years' imprisonment. In Case No. CRF-88-162, he entered a plea of guilty to the charge of unlawful possession of a controlled drug with intent to distribute, in violation of Okla. Stat. Ann. tit. 63, § 2-401(B), and was sentenced to a ten-year sentence to run concurrently with the sentence imposed in CRF-88-160. Defense counsel objected to the introduction of the judgments and sentences on the grounds that they were not properly authenticated and contained hearsay. The trial court overruled the objections. Defense counsel did not object on any other grounds.

On direct appeal to the Oklahoma Court of Criminal Appeals (OCCA), Rice was

represented by new counsel. Rice raised the following issues on direct appeal: (1) prosecutorial misconduct; and (2) denial of effective assistance of trial counsel at sentencing because trial counsel failed to show that the two convictions should have been treated as a single transaction (merged) for purposes of sentence enhancement. The OCCA granted his request to supplement the record with the informations filed in cases No. CRF-88-160 and No. CRF-88-162. The respective informations charged Rice with conspiracy to manufacture a controlled dangerous substance, and unlawful possession of a controlled drug with intent to distribute, with both crimes alleged to have occurred on September 26, 1988, in Okmulgee County. Rice asserted that the informations demonstrated that the convictions arose from the same transaction and that his trial counsel was ineffective in failing to make that argument at sentencing. The OCCA remanded Rice's claim of ineffective assistance of trial counsel to the trial court for an evidentiary hearing.

On remand, the trial court conducted an evidentiary hearing and entered written findings of fact and conclusions of law. The court found that trial counsel had (1) failed to object to the introduction of the prior judgments and sentences, (2) failed to present any evidence to show that the prior convictions were part of a continuing transaction, and (3) failed to request a jury instruction that the continuing transaction should be considered one conviction. The trial court concluded that, under Okla. Stat. Ann tit. 63, § 2-415(D)(3), prior drug-related convictions must arise from separate and distinct

transactions to be used as more than one conviction for purposes of sentence

enhancement.  The court further concluded that it was Rice's burden to prove the prior

convictions arose from the same transaction.  The court then made the following

somewhat contradictory conclusions of law:

> 3) To determine the effectiveness of trial counsel the Court must follow the guidelines set forth in Strickland v. Washington, 104 S. Ct. 2052 (1984).  The Court states that evidently trial counsel was not proficient in presenting or meeting her burden but due to the fact that an acquittal was gained in the one charge in the first part of the bifurcated hearing,[1] that the facts in her pleadings were in compliance with the law of discovery and other related matters, and the filing of attacking motions, the Court cannot say that she was ineffective counsel throughout this trial.
> 4) The closeness of case numbers, date of pleading, similarity of charges, identity of parties are not sufficient proof that the charges are related or of a single transaction.  Rackley v. State, 725 P.2d 882.
> Based on the evidence presented at the evidentiary hearing, which consisted of only two certified copies of an Information previously numbered and from the County of Okmulgee, though the defendant was present and his trial counsel was present, that no evidence was taken from them.
> Based on the evidence presented at the evidentiary hearing this Court concludes that the merger of the defendant's prior felony convictions for punishment purposes would make a difference in the applicable punishment range.

ROA, Doc. 1, attachment.  The OCCA affirmed Rice's conviction and sentence in

January 1998.  The OCCA found no reversible error with respect to the claims of

prosecutorial misconduct.  With respect to the ineffective assistance of trial counsel

claim, the OCCA concluded that, although the trial court's findings of fact and

---

[1] Rice was acquitted of the charge of encouraging a minor to participate in drug-related crimes.

conclusions of law were "somewhat confusing" (ROA, Doc. 1, attachment), the claim was without merit. The court noted that Rice had the burden of showing the prior convictions were defective and, under state law, "a mere pointing out on appeal that the charges are similar, that the pleas to the crimes were entered on the same day or that the case numbers are consecutive is not sufficient proof that the convictions were related." Id.

Although the OCCA specifically noted, without explanation, that "[a]ny modification of [Rice's] sentence would have to come under the post-conviction procedure act," id., Rice did not seek post-conviction relief in state court. Instead, Rice filed his § 2254 habeas petition in May 1998, asserting, inter alia, (1) prosecutorial misconduct, and (2) ineffective assistance of trial counsel at sentencing. He also requested that the district court remand his ineffective assistance of trial counsel claim to the state trial court for another evidentiary hearing. The district court denied habeas relief and denied the request for an evidentiary hearing. Although the district court denied a COA, we granted a COA, appointed counsel for Rice, and ordered the parties to file supplemental briefs.

## II.

In granting a COA, we limited Rice's habeas claims to ineffective assistance of trial counsel at sentencing with respect to the merger issue, which encompasses the issue of whether Rice is entitled to an evidentiary hearing on that claim, and to prosecutorial

misconduct. To succeed on his habeas petition, Rice must establish that the OCCA's adjudication of his claims

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] determination of a factual issue made by a State court shall be presumed to be correct." Id. (e)(1).

*Prosecutorial misconduct*

Rice asserts the prosecutor violated his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments. Specifically, he argues that his defense was prejudiced because the prosecutor injected evidentiary harpoons and elicited other-crimes evidence and hearsay statements about his alleged involvement in other illegal drug activities.

"Prosecutorial misconduct does not warrant federal habeas relief unless the conduct complained of is so egregious as to render the entire proceedings against the defendant fundamentally unfair." Smallwood v. Gibson, 191 F.3d 1257, 1275 (10th Cir. 1999), cert. denied, 531 U.S. 833 (2000). "In making our determination, we consider the totality of the circumstances, evaluating the prosecutor's conduct in the context of the whole trial. . . . Ultimately, we must consider the probable effect the prosecutor's [conduct] would have on the jury's ability to judge the evidence fairly." Id. at 1276 (internal quotations and citations omitted).

-6-

On direct appeal, the OCCA reviewed the alleged instances of prosecutorial misconduct and concluded they did not warrant a reversal of Rice's conviction. The federal district court agreed and found that the OCCA's rejection of Rice's prosecutorial misconduct claim did not result in an unreasonable application of federal law as determined by the Supreme Court. We agree with that conclusion and reject Rice's prosecutorial misconduct claim for substantially the same reasons set forth in the district court's order.

Rice argues that because the evidence against him was not overwhelming, the prosecutor's conduct influenced "the jury's ability to judge the evidence fairly." Smallwood, 191 F.3d at 1276. Specifically, Rice argues that, apart from testimony from his two accomplices, the state had no direct evidence against him. Rice asserts that these accomplices, who had possessed drugs and were highly motivated by self interest to testify as the state wished, were not credible. However, reviewing Rice's challenges to the weight of the evidence against him would require us to make credibility determinations of the testimony of those witnesses. We find no justification for departing from the established rule that determination of a witness' credibility lies solely within the province of the jury. See United States v. Smith, 131 F.3d 1392, 1399 (10th Cir. 1997); see also United States v. Oliver, 278 F.3d 1035, 1043 (10th Cir. 2001) ("We will only disregard testimony as incredible if it gives facts that [the witness] physically could not have possibly observed or events that could not have occurred under the laws of nature.").

*Ineffective assistance of trial counsel*

"To demonstrate ineffectiveness of counsel, the defendant must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial." United States v. Lopez, 100 F.3d 113, 117 (10th Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668 (1984)). Under the prejudice prong of the Strickland test, "a defendant must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" United States v. Harfst, 168 F.3d 398, 402 (10th Cir. 1999) (quoting Strickland, 466 U.S. at 694). In the sentencing context, this requires the defendant to show that, but for the ineffectiveness of counsel, there was a reasonable probability he would have received a shorter sentence. Id. at 404-05.

While it is undisputed that the merger of the two Okmulgee County convictions for sentencing purposes would have made a substantial difference in the sentencing range applicable to Rice,[2] the real question here is whether Rice has established that his two

---

[2] If the two convictions had been merged into one conviction, Rice would have been subject to a sentence range of twelve years to life under Okla. Stat. Ann. tit. 63, § 2-415(D)(2). See Mayes County Court Record at 161 (containing state trial court instructions to jury concerning sentence consequences of finding Rice only committed one prior drug-related felony). By contrast, under section 2-415(D)(3), Rice was subject to a mandatory sentence of life without parole once the jury found he previously had been convicted of two drug-related felonies. If it were determined that Rice was sentenced improperly, the remedy under Oklahoma law would be to modify his sentence to the minimum allowable for one prior conviction, which would be twelve years. See Cardenas v. State, 695 P.2d 876, 878-79 (Okla. Crim. App. 1985).

former convictions should have been treated as one. The OCCA held that Rice was not entitled to merger because he failed to present sufficient evidence to meet his burden under Oklahoma law that the two Okmulgee County convictions arose from the same transaction. Whether merger was established is an issue of state law and we are bound by the OCCA's holding on this question. See Davis v. Executive Dir. of Dep't of Corr., 100 F.3d 750, 771 (10th Cir. 1996) ("Absent some compelling argument that [the state court's] interpretation violates the federal constitution, we will not disturb it."); Bowser v. Boggs, 20 F.3d 1060, 1065 (10th Cir. 1994) ("We will not second guess a state court's application or interpretation of state law on a petition for habeas unless such application or interpretation violates federal law.").

The OCCA's holding also forecloses Rice's federal constitutional claim that he received ineffective assistance of trial counsel. While the OCCA did not expressly apply the prejudice prong of the Strickland test, it implicitly held that Rice's direct appeal counsel failed to present sufficient evidence at the evidentiary hearing to establish that the two prior Okmulgee County convictions were in effect one transaction.[3] Although the informations, judgments, and sentences pertaining to the prior convictions were relevant and suggestive, the evidence presented in support of the "same transaction" theory was inconclusive. We agree with the district court that Rice has failed to demonstrate that the

_____

[3] We note that Rice has not sought post-conviction relief in state court on a claim of ineffective assistance of his direct appeal counsel. As counsel for respondent conceded at oral argument, Rice still has this avenue available to him.

OCCA's rejection of his ineffective assistance of trial counsel claim was an unreasonable application of Strickland. See Rackley v. State, 814 P.2d 1048, 1050 (Okla. Crim. App. 1991) (holding fact that charges were similar, pleas to crimes were entered same day, or case numbers were consecutive was not sufficient proof that crimes were related).

*Evidentiary hearing*

"Prior to the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), to be entitled to an evidentiary hearing, a [habeas] petitioner was first required to make allegations which, if proved, would entitle him to relief." Miller, 161 F.3d at 1252 (internal quotation omitted). If the petitioner made this showing, he was entitled to an evidentiary hearing if "the facts [were] in dispute, [and he] did not receive a full and fair evidentiary hearing in a state court." Id. However, because Rice filed his habeas petition after the effective date of the AEDPA, his request for an evidentiary hearing is governed in the first instance by 28 U.S.C. § 2254(e)(2). Id. at 1252-53.

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
> (A) the claim relies on –
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

28 U.S.C. § 2254(e)(2). Under section 2254(e)(2), this court must first determine the threshold issue of whether Rice "failed to develop the factual basis of [his ineffective

assistance of trial counsel] claim in State court." <u>Miller</u>, 161 F.3d at 1253. "If he has, [this court] must deny hearing unless he establishes that one of the two exceptions set forth in § 2254(e)(2) applies." <u>Id.</u> On the other hand, section 2254(e)(2)'s "restrictions on an evidentiary hearing do not apply when the petitioner 'diligently sought to develop the factual basis underlying his habeas petition, but a state court prevented him from doing so.'" <u>Smallwood</u>, 191 F.3d at 1266 (quoting <u>Miller</u>, 161 F.3d at 1253).

The district court concluded that section 2254(e)(2) governed Rice's request for an evidentiary hearing because "although he was provided the opportunity, it is clear [he] failed to develop the factual basis of his claim during the State court [evidentiary hearing] at least to the extent he now seeks to develop the claim." ROA, Doc. 24 at 5. The district court further concluded that Rice failed to establish that he was entitled to an evidentiary hearing under either exception in section 2254(e)(2)(A). After conducting a de novo review of the evidentiary hearing issue, we agree with the district court. Rice's claim of ineffective assistance of trial counsel did not rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or on a factual predicate that previously could not have been discovered through the exercise of due diligence. As a result, Rice is not entitled to an evidentiary hearing on his ineffective assistance of trial counsel claim unless he can establish cause to excuse his failure to develop the factual record in the state court proceedings.

Rice asserts his failure to develop the factual record at the evidentiary hearing

should be excused because it was the result of the deficient performance of his direct appeal counsel. He further asserts that the OCCA prevented him from developing the factual record because it failed to request a transcript of the evidentiary hearing. However, Rice did not assert either argument before the district court and, therefore, he has waived them for purposes of appeal. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

Rice also asserts the trial court prevented him from developing the factual record because (1) although he was present, he was not permitted to testify at the evidentiary hearing, and (2) although his trial counsel was also present at the evidentiary hearing, she refused to testify unless ordered to testify by the trial court and the court did not order her to testify.[4] These alleged errors do not support Rice's assertion that the *state court* prevented him from developing the factual basis underlying his habeas petition. Whether Rice or his trial counsel would be called as witnesses at the evidentiary hearing was a decision for Rice's direct appeal counsel, not the state trial court.

The denial of Rice's habeas petition and his request for an evidentiary hearing are AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[4] Respondent argues that Rice failed to assert these arguments before the district court, but he is mistaken in this regard. See ROA, Doc. 23 at 3, 7.